[No. 20429. In Bank.—June 9, 1888.]

JOHN H. F. ANSCHLAG, PETITIONER, *v.* SUPERIOR COURT OF LOS ANGELES COUNTY ET AL., RESPONDENTS.

CRIMINAL LAW—BILL OF EXCEPTIONS—APPLICATION TO COMPEL SETTLEMENT—PETITION—NECESSARY AVERMENTS.—A petition to the supreme court in an application for a writ of mandate to compel the settlement of a bill of exceptions in a criminal case is insufficient if its fails to show that the bill of exceptions was presented to the trial judge for settlement upon the notice required by law to be given to the district attorney.

APPLICATION for a writ of mandate to compel the settlement of a bill of exceptions in a criminal case. The facts are stated in the opinion of the court.

*Frederick McGregor*, for Petitioner.

*Attorney-General Johnson*, for Respondents,

THORNTON, J.—Application for a writ of mandate to have settled a bill of exceptions.

The petition for the writ is clearly insufficient. It fails to show that a bill of exceptions was presented to the judge upon the notice required by law to be given to the district attorney. In fact, there is no statement in the petition whether the bill was even presented to the judge or delivered to the clerk of the court for him. The averments of the petition should set forth facts showing that the statute in regard to the presentment and settlement of bills of exceptions has been complied with, or facts showing a sufficient reason why it has not. (See Pen. Code, sec. 1171.)

The petition is an important pleading, and should state the necessary facts which entitle the applicant to the writ. If we granted the writ on such a petition as the one here presented, we would be sanctioning a practice too loose and indefinite to meet with the approval of any court.

The application is denied, and the petition dismissed without prejudice.

SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., McKINSTRY, J., and PATERSON, J., concurred.