[No. 13464. In Bank. — January 8, 1890.]

JOHN LANDERS, RESPONDENT, *v.* WILLIAM J. LANDERS ET AL., PETITIONERS.

PETITION TO SUPREME COURT TO SETTLE EXCEPTIONS — MANDAMUS — CONSTRUCTION OF CODE — PROCEDURE UPON PETITION. — Section 652 of the Code of Civil Procedure does not apply to the case where a trial judge has refused to settle any statement or bill of exceptions. The remedy for such refusal, if wrongful, is *mandamus* to compel him to act. Section 652 applies to a case where the trial judge in settling a bill refuses to allow one or more exceptions which ought to be allowed. No specific regulations have been prescribed by this court, as contemplated by that section; but in the absence of such regulations, the petitioner must set forth specifically the very exception or exceptions presented to the judge, and the evidence upon which he bases their truth, so that this court can see the alleged grievance on the face of the petition.

APPLICATION to the Supreme Court to settle a bill of exceptions refused by the Superior Court of the city and county of San Francisco. The facts are stated in the opinion of the court.

*D. L. Smoot,* for Petitioner.

*T. I. Bergin,* for Respondent.

McFARLAND, J.—This cause is now before this court upon a petition of defendants, in which it is set forth that the judge of the superior court in which the cause was pending "refused to settle and certify" a bill of exceptions presented to him by petitioners; and they pray that this court "will settle and have certified the said bill of exceptions in accordance with the provisions of section 652 of the Code of Civil Procedure." Plaintiff demurs to the petition upon various grounds, which present the question whether or not it is sufficient.

Section 652 was not intended to apply, and does not apply, to the case where a trial judge has refused to settle a statement or bill of exceptions. The remedy for such a refusal, if wrongful, is *mandamus* to compel him to act. The law does not impose upon the appellate court the general duty of settling a bill of exceptions. Section 652 applies to a case where the trial judge, in settling a bill, refuses to allow an exception which ought to be allowed. The language is: "If the judge in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to *prove the same*"; that is, to prove *the exception* which the judge is alleged to have refused to allow in accordance with the facts. The section further provides that "the application may be made in the mode and manner, and under such regulations, as that court may prescribe." No regulations on the subject have been prescribed by this court, for rule 29 does not apply. But, in the absence of such regulations, the petitioner should set forth fully and specifically the very exception or exceptions which he presented to the judge, and which he avers the judge wrongfully refused to put into the bill; and also, we think, the evidence upon which he

bases the truth of his proposed exceptions, so that this court can see on the face of the petition what his alleged grievance is. Section 189 of the old Practice Act was (on this subject) the same as section 652 of the code; and referring to the former, this court said in *Wormouth v. Gardner*, 35 Cal. 228: "A motion to correct a statement or exceptions, when the court below refuses to make the same conform to the facts, is an original proceeding in this court, and must be instituted by a petition in writing, setting forth at length the exceptions which were taken at the trial and not allowed by the judge, and so much of the evidence as may be necessary to illustrate them. . . . . The fact that this court has not as yet prescribed any rules for the government of such proceedings does not relieve a party from the necessity of inaugurating them in the manner dictated by the statute." In the case at bar the petition does not contain a copy of the exception alleged to have been presented to the judge, or of any evidence. The averments are merely that a bill of exceptions was presented, and that the judge "refused to settle and certify the said bill of exceptions." The theory of the petition seems to be that this court, with a few general averments before it about the conduct in the premises of the judge of the trial court, will put itself generally in the place of that court, and proceed to construct for it an original and complete bill of exceptions. Such is not the meaning of the code. We think that the petition is entirely insufficient.

Prayer of petition denied, and proceeding dismissed.

WORKS, J., PATERSON, J., SHARPSTEIN, J., FOX, J., and BEATTY, C. J., concurred.