[No. 19154. In Bank. — February 4, 1893.]

L. C. TIBBETS ET AL., PETITIONERS, v. THE RIVERSIDE BANKING COMPANY ET AL., RESPONDENTS.

BILL OF EXCEPTIONS — PETITION TO PROVE EXCEPTION — SETTLEMENT — MANDAMUS. — Section 652 of the Code of Civil Procedure, which provides that where, upon the settlement of a bill of exceptions or statement, the judge refuses to allow an exception, the party may petition the supreme court to prove the exception, does not confer upon the supreme court power to settle the bill or statement. If the trial judge refuses to sign the bill or statement, he may be compelled to do so by mandamus.

PETITION to the Supreme Court to sign and seal a bill of exceptions. The facts are stated in the opinion of the court.

L. C. Tibbets, in pro. per., and A. B. Paris, for Petitioners.

H. C. Hibbard, for Respondents.

The COURT. — The plaintiffs have filed a petition here purporting to be made under section 652 of the Code of Civil Procedure.

Petitioners say that they prepared a statement of the case and bill of exceptions, served it on counsel for defendants, and presented it to the judge of the superior court for settlement; "that said judge refused to sign said bill of exceptions, and still refuses to sign said bill, or any bill, according to the facts of the case." Therefore they pray " that this court may sign and seal said bill of exceptions, as provided for under section 652 of

the Code of Civil Procedure." Petitioners have mis-
taken the provisions of said section. That section only
provides that where, upon the settlement of a bill of ex-
ceptions or statement, the judge refuses to allow an
exception, the party may petition this court to prove
said exception. But in this case petitioners merely show
that they presented quite a lengthy statement on motion
for new trial to the judge of the superior court, and that
he refused to sign it, or any other bill of exceptions. In
such case, the judge can be compelled by *mandamus* to
settle the bill or statement; but this court has not the
power, nor is it its duty, to take the place of the judge of
the lower court and perform the duty of settling the
statement.

The petition is denied.