[L. A. No. 716.  Department Two.—July 9, 1900.]

CHARLES K. HUDSON, Respondent, v. ANNIE S. HUDSON, Appellant.

DIVORCE—EXTREME CRUELTY—PLEADING—DEMURRER—MOTION FOR JUDGMENT.—In action for divorce where the complaint states sufficient acts of cruelty to constitute the statutory offense of extreme cruelty, a general demurrer thereto and a motion of defendant for judgment on the pleadings are properly overruled.

ID.—TRIAL BY JURY—DISCRETION—REQUIRING OF DEPOSIT BY WIFE.—It is discretionary with the court to allow or refuse a jury trial of certain issues in an action for divorce; and where it is demanded by the wife, without the consent of the husband, to try issues of adultery charged by the wife, the court has discretion to require the wife to deposit with the clerk one day's per diem and mileage of the jury, as a condition of making the order.

ID.—MOTION FOR NONSUIT—INTERPOLATION IN RECORD.—Where it appears that a motion for a nonsuit was properly denied, a statement interpolated in the bill of exceptions by the judge, that the evidence for the plaintiff was sufficient to meet all the allegations of the bill of complaint, does not injure the defendant, and will be disregarded as an attempt to forestall the question to be examined upon the evidence brought up.

ID.—HARMLESS ERROR.—Erroneous rulings upon evidence, which appear from the record not to have materially injured the appellant, are not ground for reversal.

ID.—ORDERS RELATING TO BILL OF EXCEPTIONS—APPEAL—REMEDY.—An appeal does not lie from an order refusing to amend a bill of exceptions, nor from an order refusing to strike out evidence

therefrom, nor from an order refusing to settle a proposed bill of exceptions. The remedy for wrongful refusal to settle a bill, of exceptions is by *mandamus,* and for wrongful refusal to allow an exception in accordance with the facts is by petition to this court.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

A. M. McConoughey, for Appellant.

McNealy & Andrews, for Respondent.

CHIPMAN, C.—Divorce on the ground of extreme cruelty. Plaintiff had judgment, from which defendant appeals. She also appeals from sundry orders hereinafter referred to. There is no brief for respondent. The record is in a very unsatisfactory condition, and it has been with much difficulty that we have been able to unravel its perplexities and ascertain just what alleged errors are properly before us. The record is attempted to be brought here by bill of exceptions; we will endeavor to follow appellant's points as made in her brief.

1. The demurrer on the ground of want of sufficient facts was properly overruled; the complaint alleged numerous and grievous acts of cruelty quite sufficient to constitute the statutory offense. The motion of defendant for judgment on the pleadings was properly overruled.

2. At the demand of defendant, and against the objection of plaintiff, certain issues of fact were tried by a jury, and the verdict was against defendant. It was not an abuse of discretion for the court to require defendant to deposit with the clerk one day's per diem and mileage of the jury, as a condition for making the order. It was within the discretion of the court to refuse a jury on any or all the issues; and it was equally within its discretion to impose reasonable terms in case it granted the jury at the request of one of the parties against the wish of the other.

3. The bill of exceptions, as certified, states that defendant moved for a nonsuit upon the ground of insufficiency of the evidence to entitle plaintiff to the relief demanded. The rec-

ord states as follows: "Said motion for a nonsuit was made after evidence had been given and received in behalf of the plaintiff, *which evidence was sufficient to prove all the allegations of the bill of complaint,* and after defendant had introduced all of her evidence in support of her charges of adultery on the part of plaintiff, and after the jury had found and returned into court their verdict that plaintiff was not guilty of adultery with any person named in said amended answer." It was not error for the court to deny the motion. Appellant claims that the clause noted above in italics was interpolated by the judge, and was error. There is nothing in the certified bill of exceptions to show how the clause came to be inserted or that it was objected to. In a proposed amended bill of exceptions, which the court refused to allow, it appears that this clause was inserted at plaintiff's request and against defendant's objection. Assuming, however, that the judge should not have allowed this clause to be inserted, we cannot see that it injures defendant, for this court will disregard it as an attempt to forestall the very question which is to be examined on the evidence brought up.

4. The findings were filed and decree was entered December 7, 1898. The only bill of exceptions that was settled and signed by the court was filed February 17, 1899, and recites: "This cause coming on to be heard, the foregoing evidence was introduced and the foregoing proceedings were had. Whereas defendant desires that the same be made a part of the record herein, I do hereby certify," etc. The bill recites the overruling of defendant's demurrer; her motion for judgment on the pleadings; her demand for a jury trial and her motion for nonsuit and some other matters not material to be noticed. Then follow some questions to witnesses and answers by them, of which the bill says: "No other evidence pertinent to defendant's objections was introduced at said trial." We have examined these questions, some of which were objected to by plaintiff and his objection sustained. While in one or two instances the objections, in our opinion, were not well taken, it is apparent that defendant did not suffer material injury by the. rulings of the court.

5. The bill of exceptions just considered was not satisfactory to defendant, and after it was submitted as defendant's pro-

posed bill and before the court had finally acted upon it, defendant's attorney served upon plaintiff's counsel certain proposed amendments to the bill, which, with plaintiff's proposed amendments thereof, were delivered to the clerk to be presented to the judge for settlement, and defendant's attorney moved the court to allow said amendments. These proposed amendments, in addition to proposing much of the evidence that had been omitted from the first draft, then before the court, sought to amend the bill by adding thereto defendant's notice of intention to move for a new trial, which seems to have been omitted from the first proposed bill. The motion was supported by the affidavit of defendant's attorney, in which he stated that he is the sole counsel of defendant, and "as such prepared the proposed bill of exceptions, intending to incorporate the matter proposed to be incorporated by the above-described amendment. That said amendment is the only manner in which defendant can assign and show the errors complained of in said notice of intention. That said matter proposed as said amendment was accidentally omitted in said proposed bill of exceptions. That said notice of intention to move for a new trial avers as ground therefor that said findings and decision of the court are against the evidence and are not supported by the evidence." On February 11, 1899, the court denied defendant's motion, and thereupon, February 17, 1899, settled and certified the bill already noticed.

Defendant appeals: 1. From the order refusing to amend her bill of exceptions; 2. From the order striking out therefrom certain evidence and leaving therein certain evidence; 3. From the order refusing to settle her proposed bill of exceptions, which latter order was made March 3, 1899. These several orders were in fact refusals to amend the bill of exceptions first proposed which was settled and certified by the court. The order of March 3d, purporting to refuse to settle defendant's proposed bill of exceptions, was in fact a refusal to settle certain amendments proposed to the bill which was then under submission, and which was settled February 17th. But if this last order be regarded as a refusal to settle any bill of exceptions appellant cannot have relief by this appeal.

Section 652 of the Code of Civil Procedure does not apply where a trial judge has refused to settle any statement or bill of exceptions. The remedy for such refusal, if wrongful, is by *mandamus*. (*Landers v. Landers*, 82 Cal. 480.) Where the trial judge in settling a bill refuses to allow one or more exceptions which, in accordance with the facts, ought to be allowed, the remedy is by petition to this court. (Code Civ. Proc., sec. 652; *Landers v. Landers, supra; Hyde v. Boyle,* 86 Cal. 352; 89 Cal. 590; *In re Gates,* 90 Cal. 257; *Tibbets v. Riverside Banking Co.,* 97 Cal. 258.)

As there is nowhere in the record any notice of intention to move for a new trial, except in the proposed amendments to defendant's bill of exceptions which were refused, the appeal strictly is here on the judgment-roll alone. Under the circumstances, however, we have looked into the bill of exceptions as certified. Discovering no error therein, and ascertaining that the judgment is sustained by the findings, we advise that the judgment and orders appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.