## SPRINGER v. SPRINGER et al.

## L. A. No. 756; March 21, 1901.

### 64 Pac. 470.

**Cancellation of Deed—Unsound Mind.—Plaintiff Deeded a lot** to her son, retaining a life estate therein. In an action by her to cancel the deed, the attorney drawing it testified that at the time of executing it her mind was sound. There was no evidence that she was of weak intellect, though she was old and in feeble health. Held, that a finding that she was of sound mind will not be reversed.

**Appeal.—Where the Evidence was Conflicting,** a finding for defendants will not be disturbed on appeal.

**Cancellation of Deed.—Where Plaintiff Conveyed a Lot to Her Son,** and he conveyed it to his wife, in an action by plaintiff to cancel her deed to the son findings that his deed to the wife was for a valuable consideration, and also for love and affection, were not prejudicial to plaintiff, the court having refused to cancel plaintiff's deed.

**Deed.—Love and Affection is a Good Consideration** for a conveyance of land by a husband to his wife, and will support the conveyance.

**New Trial.—Where the Statement on a Motion for a new trial** certified by the judge contained a summary of the evidence, but made no mention of any exceptions to evidence or other errors of law alleged to have occurred at the trial, and excepted to by plaintiff, plaintiff's remedy is not by motion to the trial court to amend the statement, but by petition to the appellate court.

**New Trial.—Where, on Appeal from an Order Denying a new** trial, the statement as certified by the trial judge contained a summary of the evidence, but made no mention of any exceptions to evidence or other errors of law alleged to have occurred at the trial, and excepted to by plaintiff, such exceptions and errors cannot be considered.

APPEAL from Superior Court, Los Angeles County; Waldo M. York, Judge.

Action by Maria C. Springer against A. J. Springer and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

W. W. Holcomb and W. T. Williams for appellant; Geo. P. Adams for appellees.

CHIPMAN, C.—Action to have certain deeds declared void and canceled, and for the reconveyance of the property to plaintiff. Defendants had judgment, from which and from an order denying her motion for new trial plaintiff appeals.

1. Plaintiff contends that the evidence does not support the finding that she was of sound mind when she executed the deed sought to be set aside, and that she knew that she was making a deed when she executed it. Plaintiff is an elderly widow, and is the mother of defendant Andrew J. Springer and of Edward Springer. Defendant Rosa Springer is the wife of Andrew. The court found that on May 11, 1895, and for some time prior thereto, plaintiff was the record owner of lot 22 of the Aurora tract, in the city of Los Angeles, but that her son Andrew had an equitable interest therein; that, at the time the lot was purchased, her two sons, Andrew and Edward, purchased said lot 22, and also lot 31 in the same tract, but the title to lot 22 was taken in plaintiff's name and the title to lot 31 was taken in Edward's name; that the purchase price was contributed by each of said plaintiff's sons and by plaintiff, and thereafter and prior to May 11, 1895, plaintiff and her said sons built a house on said lot 22, and each contributed to pay therefor. Defendant Rosa was not the wife of Andrew until some time after plaintiff had conveyed to Andrew. The court found that on May 5, 1895, plaintiff was, and had been for some time, sick and in feeble health; that she stated to her son Andrew "that she was about to die, and informed him that she desired to make her last will and testament to said lot 22 to and in his favor." The court further found that subsequently, to wit, on May 11, 1895, plaintiff and defendant Andrew went "to the office of a notary public who was also an attorney at law, and plaintiff and her said sons, Andrew and Edward, thereupon agreed upon a settlement of and settled their respective interests in and to all the said real estate, as follows, to wit: Said defendant A. J. Springer transferred said lot 31 to said Edward Springer in full of all the latter's interest in all of said property. Plaintiff reserved to herself a life estate in said house and lot known as lot 22, in full of all her interest in all of said p.operty; and she transferred to defendant A. J. Springer, subject to her said life estate, in full of all his interest in all of said property, the said house and lot known as said lot 22, and in pursuance

thereof she executed and delivered to defendant A. J. Springer a deed thereto, which is . . . . the deed sought to be set aside in this action; that at the time plaintiff executed and delivered said deed . . . . she was of sound mind; that she did not read said deed, but that said notary public who drew it read portions of it to her, and explained to her that she was thereby conveying by deed to defendant A. J. Springer the absolute title to said property, subject only to her said life estate, and she then and there fully understood, and ever since has understood, the same, and that she was so conveying it to her said son A. J. Springer, and that it was not a will nor a testament.'' The court further found that no mistake was made by plaintiff, and none was discovered; that on August 1, 1897, plaintiff asked defendant A. J. "to return said property, and he promised to, but did not, do so; that on August 4, 1897, for a valuable consideration, defendant A. J. Springer executed and delivered to his wife, Rosa M. Springer, his codefendant, a deed conveying said lot 22 to her.'' These deeds were duly recorded. The court also found that the conveyance to Rosa was "in consideration of the love and affection of her said husband, without notice of any equity or interest in favor of plaintiff, except said life estate.'' The testimony given by the sons was that they deliberately deceived their mother, pursuant to a previous understanding between the sons to do so, and they testified that they made her believe she was executing her will, and not a deed. She testified that she understood she was signing a will. Andrew testified that he explained to his wife, when the latter asked him to convey the property to her, that he could not do so, as it belonged to his mother; but this, his wife testified, was not true. At the trial defendants were living separate and apart. Plaintiff and her two sons testified that they did not know the difference between a will and a deed. Friend E. Lacey, the notary who prepared the deeds, a practicing lawyer at the Los Angeles bar, testified fully to the transaction. Having explained that the brothers came to him to prepare a deed from Andrew to Edward for lot 31, and to prepare a deed similar in form, but reserving a life estate in plaintiff from her to Andrew of lot 22, the witness stated with much particularity what took place at his office when afterward the brothers and their mother came to execute the deeds. It would serve no useful purpose to quote

at length this testimony. The facts narrated by this witness were sufficient to justify the finding that plaintiff understood perfectly what she was doing when she signed and acknowledged the deed, for Lacey carefully explained its contents and meaning to her. He also testified that he had known plaintiff well for several years, and had attended to business for her, and that at the time she executed the deed her mind was sound. There is no evidence that plaintiff was of weak or of impaired intellect, and the only reason now urged to show that she was of unsound mind is that the court found her to be advanced in years and weak in body. No presumption of impaired intellect can arise alone from impaired bodily health, and besides all the direct evidence was against any such presumption. There is a clear conflict in the evidence. The court manifestly believed the witnesses Lacey and Rosa Springer, and disbelieved the witnesses for plaintiff; this the court had a right to do, and with its conclusions upon this branch of the case we cannot interfere.

2. It is claimed that the finding that the deed to Rosa was for a valuable consideration is unsupported. The evidence was that the consideration was love and affection alone, and the court also so found. Appellant was not injured by these findings, inasmuch as the court found on sufficient evidence that plaintiff's deed to Andrew conveyed plaintiff's interest in the property. Andrew could and did convey whatever interest he acquired for the consideration of love and affection, which was a good consideration, and it is immaterial whether the consideration was valuable. The court found, on sufficient evidence, that plaintiff was not imposed upon in making her deed, but understood what she was doing, and intended to do just what she did. The finding that the deed was for a valuable consideration was without injury.

3. Much of the record is taken up with matter which the court refused to place in the statement on motion for new trial, and error is claimed on account of the refusal of the court to amend the statement as originally settled by the court. As we understand the record, this appeal is from the order denying plaintiff's motion to have certain facts set forth in the statement, alleged to be material, and which it is alleged were omitted or refused by the judge to be placed in the statement after his attention was called thereto, and before the final settlement. A counter-affidavit of defendants'

counsel disputes the correctness of some of the facts alleged by plaintiff to have occurred at the trial. The statement on motion for a new trial, as certified by the judge, is a summary of the evidence as shown by plaintiff's affidavits to have been adduced at the trial; but it makes no mention of any exceptions to evidence or other errors of law alleged to have occurred at the trial, and excepted to by plaintiff. The purpose of the proposed amendments seems to be not so much to enlarge the statement of facts, as to bring these exceptions to the attention of the appellate court for consideration. In effect, the purpose is to review the action of the trial judge in refusing to make the statement to fully and fairly represent the facts as they occurred at the trial. Plaintiff's remedy was by petition to this court: Hudson v. Hudson, 129 Cal. 141, 61 Pac. 773, and cases there cited. This court can, on appeal, look only to the statement as certified by the judge: In re Gates, 90 Cal. 257, 27 Pac. 195. The judgment and orders should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.