THE PEOPLE *v.* FERNÁNDEZ.

APPEAL on Proceedings for the Approval of a Bill of Exceptions and Statement of Facts Presented in the District Court of San Juan.

No. 63.—Decided February 5, 1907.

APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS—APPROVAL.—The proceeding for the approval of a bill of exceptions or a statement of facts is the same in civil matters as in criminal cases, and the notice of an appeal taken in proceedings of this character must be served on the district attorney or on the district judge, but the appearance of the *fiscal* of the Supreme Court in the appeal remedies any defect by reason of failure to serve the notice upon the district attorney or the district judge.

ID.—The party appealing to the Supreme Court asking for the approval of a bill of exceptions or a statement of facts must incorporate in the petition the

bill or statement as it was presented to the inferior court, stating the amendments made by said court and the form in which it was finally approved by the latter, and further indicating, one by one, the errors into which the trial judge is alleged to have fallen in so approving the same, and showing by sworn affidavits, or in some other manner, that the bill drawn by him, and not the one approved by the judge, is correct.

ID.—In proceedings of this character it cannot be expected that the Supreme Court will assume the functions of an inferior court and proceed to approve a new bill of exceptions or a statement of facts the same as if no proceedings whatever had been had in the inferior court in relation to such documents, the only duty of the Supreme Court being to examine the documents and the decision of the trial court, and make such corrections as may be proper where error has been committed.

ID.—CASES IN WHICH A JUDGE ABSOLUTELY REFUSES TO APPROVE A BILL OF EXCEPTIONS OR STATEMENT OF FACTS—MANDAMUS.—The doctrine announced in the foregoing paragraphs is applicable to those cases in which the district judge refuses to approve a bill of exceptions or statement of facts as presented and amends the same or approves another bill entirely different, but it is not applicable to a case where the judge absolutely refuses to approve a bill of exceptions or a statement of facts, because in that case the remedy is not the one provided for either by the criminal or civil statutes, but a mandamus proceeding.

ID.—Where in answering an alternative writ of *mandamus* a judge shows that he has approved a bill of exceptions or a statement of facts, the peremptory writ of *mandamus* will be denied; but in any case a judge can only be compelled to act and he cannot be required to proceed to approve a bill of exceptions or a statement of facts in any particular form.

*Mr. López Landrón* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The proceedings which we have before us, have been instituted by Felicia Fernández, being represented by the attorney Rafael López Landrón, in order that this court approve, on appeal and by virtue of the proof offered to that effect, the bill of exceptions and the statement of facts which the judge, Emilio del Toro, by resolutions of the 16th and 17th of November of last year, refused to approve in the terms in which said documents had been drafted at the time when they were filed. Far from approving the same, he virtually redrafted the bill of exceptions by means of innumerable and unjustified cancellations, omissions, amendments and additions, and he refused to admit the statement of facts and ordered that a new statement of facts be drawn up instead of the same.

After an extension of time had been granted for the presentation of the proof by which to justify the bill of exceptions, in the form in which it had been filed in the court below, and after a day had been set for the hearing of the said proof which, however, was not presented for reasons which it is not necessary to state, the public prosecutor, by a written motion of the 5th of January last, has requested that the appeal taken by the attorney of the accused, be dismissed for the reason that said attorney has not prosecuted the proper proceedings, in order that this court may revise and approve the bill of exceptions and the statement of facts and, for that purpose, he alleges the following grounds:

"First. That it does not appear from the record that either the judge or the *fiscal* of the district court has been notified of this proceeding.

"Second. That on the face of the petition it appears that the proceeding itself should fail."

The *fiscal* very properly argues that proceedings of this nature are the same in civil and criminal cases, referring to section 218 of the Code of Civil Procedure and section 298 of the Code of Criminal Procedure of Porto Rico, which are substantial copies of section 652 of the Code of Civil Procedure of California. There may be a slight difference in the wording of these sections, but they are not material in the consideration of this case. Reference is made by the *fiscal* also to numerous cases decided by the Supreme Court of California and to two cases decided by the Supreme Court of Massachusetts, and two by the Supreme Court of Louisiana, and one by the Supreme Court of Ohio. Attention is also called by the *fiscal* to the fact that in the discussion of this case two distinct questions arise. First, the proceedings to settle a bill of exceptions which has been amended by the district judge, and second, a proceeding to settle a statement of facts which the judge refused to approve.

This question came before the Supreme Court of California 49 years ago, in the case of *The People* v. *Galvin*, reported in 9 California, pages 19, 20 and 21. The proceeding in this case was dismissed on the district judge certifying to the Supreme Court that he had signed a true bill of exceptions and refused to sign the bill presented by the attorney because it was not in accordance with the facts. The court in the discussion of the case makes the following remarks:

"The power to determine every issue between parties, must be placed somewhere. There must be an end of controversies, or the system must fail to accomplish the very object intended. The district courts are courts of original jurisdiction, of the highest order known to our Constitution. They are courts of grave dignity, and are required to keep a record of all their proceedings, and after they have assumed to do so, can their records be corrected by any other power known to our law? The proceedings are known to these courts, because they take place in their presence. Can a jury be called in to decide as to what occurred in the presence of the court? Juries are used as instruments, to determine facts unknown to the courts. But a court does not require the verdict of a jury to inform it of facts occurring in the presence of the court itself. Courts of such extended jurisdiction and grave responsibility as the district courts must, from the very nature of the case, be trusted as to the fidelity of their own records. It would destroy all confidence in the verity of the records of these courts, were the rule once laid down that their truth could be questioned. We should soon be called upon to direct issues of fact to be tried by a jury, as to whether the statements settled by district judges, in civil cases, contained the whole truth or otherwise. Every criminal, convicted of murder in the first degree, could readily procure a lengthened stay of execution by raising an issue of fact with the district judge."

The matter was again presented to the Supreme Court of California some two years later, in the case of *The People* v. *Lee*, which is reported in 14 California on pages 510-512. The court in that case says that so far as this proceeding is concerned, there is no difference between a bill of exceptions and a statement of facts, and that when the judge cannot be found, the proposed statement of facts or bill of exceptions,

should be delivered to the clerk of the court for him, and that the clerk should make a note on the document of the date of its receipt and hand it to the judge at the earliest opportunity. In this case a *mandamus* was issued to the court, first to settle the bill of exceptions, and after it had been settled correctly, to sign it.

Again in 49 California, on page 510, in the case of *Gallardo v. The Atlantic and Pacific Telegraph Co.*, in commenting upon section 652 of the Code, the Supreme Court says:

"It is not the purpose of the section to require this court to discharge the duties of the judge of the court below, but only to provide a mode for the settlement of a bill, in case the judge of the court below, upon a proper application therefor, refuses to settle any bill of exceptions, or refuses to settle a bill in accordance with the facts. This court will not proceed to settle a bill which the judge of the court below properly refused to settle."

The next California case in chronological order to which our attention has been called, is that of *The People v. Hewitt,* reported in 56 California, pages 117-119, in which it is decided that:

"It is not necessary for the defendants in a criminal case, in making a motion for new trial, to have a bill of exceptions or statement prepared beforehand, nor in arguing and submitting their motion without such bill of exceptions or statement do they waive their right to have a bill of exceptions settled after the motion is determined, but they are entitled to a record of so much of the evidence, proceedings and decisions had on the trial as may be necessary to explain the grounds of their motion."

In the case of *The People v. Crane,* 60 California, 279, in which the district judge refused to settle the bill of exceptions because it was improperly indorsed with the words "Plaintiff's proposed statement on appeal," instead of "Plaintiff's bill of exceptions," as should have been done, the court held that there was no substantial difference between a bill of exceptions and a statement on appeal, except that the latter followed the notice of a motion for a new trial. The district

judge was ordered to settle the bill of exceptions, in accordance with the prayer of the petition.

In the case of *In re Guardianship of Horace Hawes,* 68 California, 414, the court says:

"This is an application under section 652 of the Code of Civil Procedure, made on the ground that the judge below refuses to settle a bill of exceptions in the case. The code provides that such an application as this shall be made in the mode and manner and under such regulations as that court (Supreme Court) shall prescribe.

"This court has not yet made any regulations on the subject, and the proper practice in such cases is unsettled.

"In opposition to the application, it is contended that the petition should set forth the exceptions taken and the evidence in support thereof. We think this the proper practice, and as the petition in this case does not show any of these facts, it should be denied.

"We are also of opinion that notice of the application should be given to the judge."

In the case of *The People* v. *Bitancourt,* 74 California, 188, the court discusses an application made under section 1174 of the Penal Code of that State for leave to prove the facts in support of the bill of exceptions, and says:

"Where, however, as in the present case, the bill has been settled by the judge, the application to this court for leave to prove the facts in support of the bill of exceptions should set forth distinctly wherein the bill as settled is incorrect, and specify the facts which it is desired to prove, as well as their materiality."

In the case of *Anschlag* v. *Superior Court of Los Angeles County,* reported in 76 California, 513-514, the defendant made application for a writ of *mandamus* to compel the trial court to settle the bill of exceptions. On that application the Supreme Court makes the following remarks:

"The petition for the writ is clearly insufficient. It fails to show that a bill of exceptions was presented to the judge upon the notice required by law to be given to the district attorney. In fact, there is no statement in the petition whether the bill was even presented to

the judge or delivered to the clerk of the court for him. The averments of the petition should set forth facts showing that the statute in regard to the presentment and settlement of bills of exceptions has been complied with, or facts showing a sufficient reason why it has not. (See Pen. Code, sec. 1171.)

"The petition is an important pleading, and should state the necessary facts which entitle the applicant to the writ. If we granted the writ on such a petition as the one here presented, we would be sanctioning a practice too loose and indefinite to meet with the approval of any court."

The case of *Landers* v. *Landers,* reported in 82 California, pages 480-482, is a very important one, and the syllabus fully and fairly condenses the opinion of the court, and reads as follows:

"Section 652 of the Code of Civil Procedure does not apply to the case where a trial judge has refused to settle any statement or bill of exceptions. The remedy for such refusal, if wrongful, is *mandamus* to compel him to act. Section 652 applies to a case where the trial judge in settling a bill refuses to allow one or more exceptions which ought to be allowed. No specific regulations have been prescribed by this court, as contemplated by that section, but in the absence of such regulations the petitioner must set forth specifically the. very exception or exceptions presented to the judge, and the evidence upon which he bases their truth, so that this court can see the alleged grievance on the face of the petition."

In the case of *Hyde* v. *Thornton,* 83 California, 83, we find an original proceeding to settle the bill of exceptions taken on behalf of petitioners who were also appellants in the case. In this case the court refers to and approves the case of *Landers* v. *Landers,* in the preceding volume, in the following remarks:

"But this court *in banc* has recenty held, in the case of *Landers* v. *Landers,* 82 Cal., 480; that this is not the proper remedy in a case like the one here presented; that this court cannot substitute itself for the court below in the settlement of a general bill of exceptions.

On the authority of that case this application must be denied, and the parties left to the remedy herein suggested, if the judge below still persists in his refusal to settle the bill.''

In the case of *The People* v. *Scott,* the following syllabus condenses the opinion of the court, to wit:

''Upon the hearing of a petition to the Supreme Court for leave to prove an exception alleged to have been taken by the petitioner at the trial, but which it is alleged the judge refused to allow, where it appears that the judge did first sustain the objection to which ruling the petitioner excepted, but that the judge afterward reversed his ruling, and allowed the question and others of a similar character to be asked, the petition will be denied, as the petitioner could not have been prejudiced by the refusal to allow the exception in accordance with the facts.''

The *fiscal* of this court, in his brief, makes particular reference to the case of *Tibbets* v. *Riverside Banking Co.,* reported in 97 California, 258-259. The opinion of the court is short, and will be quoted in full. It reads as follows:

''The plaintiffs have filed a petition here purporting to be made under section 652 of the Code of Civil Procedure.

''Petitioners say that they prepared a statement of the case and bill of exceptions, served it on counsel for defendants, and presented it to the judge of the superior court for settlement; 'that said judge refused to sign said bill of exceptions, and still refuses to sign said bill, or any bill, according to the facts of the case.' Therefore they pray 'that this court may sign and seal said bill of exceptions, as provided for under section 652 of the Code of Civil Procedure.' Petitioners have mistaken the provisions of said section. That section only provides that where, upon the settlement of a bill of exceptions or statement, the judge refuses to allow an exception, the party may petition this court to prove said exception. But in this case petitioners merely show that they presented quite a lengthy statement on motion for new trial to the judge of the superior court, and that he refused to sign it, or any other bill of exceptions. In such case, the judge can be compelled by *mandamus* to settle the bill or statement; but this court has not the power, nor is it its duty, to take the place

of the judge of the lower court and perform the duty of settling the statement. The petition is denied.''

From these decisions we find that the position taken by the *fiscal* of this court, in the first place that either the judge or the *fiscal* of the district court should have been cited or notified of the proceedings taken here to settle the bill of exceptions and statement of facts, is supported by authority, but as the applicant mistook the proper proceeding and cited the *fiscal* of this court instead, and he answered fully, representing the people in the same manner that they would have been represented by the officers of the district court, we believe that this citation of the judge and the district attorney can be considered as waived, and the case can proceed in the same manner as if they had been properly cited. The *fiscal* of this court is, *ex officio,* an Assistant Attorney General, and the Attorney General through himself and his district attorneys, represents The People of Porto Rico, in all cases, civil or criminal, which are presented to the courts. If he appears in this court through the proper officer—that is to say, the *fiscal*—he waives the right to be represented by the district attorney. The case might be different in an application for a *mandamus* against the district judge. Certainly in such a case the district judge should have personal notice, as it is in effect a personal proceeding against him and requires his presence.

We also find that the second position taken by the *fiscal,* that the petition for the settlement of the bill of exceptions is not in proper form and is not made in the proper manner, is well established by the authorities. The applicant in his petition should set out the bill of exceptions which was presented to the court, and the amendments made by the court thereto, showing the bill of exceptions as finally settled by the district judge, and pointing out one by one the errors which the judge made in the settlement of the said bill, at the same time adducing evidence by affidavit or otherwise of the correctness of his statements in opposition to the bill of exceptions as signed by the court. Under the California decisions,

and in accordance with right reason it cannot be expected that this court, on a general application by an attorney who is dissatisfied with a bill of exceptions or statement of facts as approved by the trial court, will put itself in place of the trial court and proceed to settle the bill of exceptions or statement of facts anew as if nothing had been done by the court below. Such is not the intention of the statute. The intention of the statute is that this court, or one of the judges thereof, or a referee appointed by the court, should review the bill of exceptions or statement of facts presented to the district judge, and his action thereupon, and make corrections in particular points if any error has occurred. These supposed errors should be distinctly pointed out, and some evidence at least should be adduced to support the allegation that the proper proceeding has not been taken in the settlement or the refusal to settle the bill of exceptions or the statement of facts.

These remarks apply to cases in which the trial court or the district judge has refused to sign the bill of exceptions or statement of facts presented by counsel, but has made amendments thereto or has signed an entirely new bill or statement, prepared by himself or the opposing counsel. In such cases proceedings may be had under the statute for the making of corrections in particular points complained of. Where the judge entirely and distinctly refuses to sign a bill of exceptions or statement of facts, as it appears he has done in this case, as far as the statement of facts is concerned, the proper proceeding here in this court would not be by a petition under the Civil Statute, nor by a petition under section 298 of the Code of Criminal Procedure, but by an application for *mandamus*. If in reply to an alternative writ of *mandamus* the district judge should show that he has settled a statement of facts or a bill of exceptions in accordance with the matter proved on the trial or of the proceedings had in the trial court, then the peremptory writ would not issue. And in any case, the judge would only be commanded to act. The manner in

which he should act in settling a bill of exceptions or statement of facts being discretionary with him, would be left by this court to his discretion, in accordance with the decisions in the California cases above cited.

In accordance with these facts the motion made by the *fiscal* of this court to dismiss the proceeding here had in behalf of the defendant must be sustained.

*Dismissed.*

Justices Hernández and Figueras concurred.

Chief Justice Quiñones and Justice Wolf did not take part in the decision of this case.