## EL PUEBLO *v.* FERNÁNDEZ.

APELACIÓN en procedimiento sobre aprobación de un pliego
de excepciones y relación de hechos presentado á la Corte
de Distrito de San Juan.

No. 63.—Resuelto en febrero 5, 1907.

APELACIÓN—PLIEGO DE EXCEPCIONES—RELACIÓN DE HECHOS—APROBACIÓN.—El
procedimiento para la aprobación de un pliego de excepciones ó de una rela-
ción de hechos, es el mismo en materia civil que en materia criminal, y una
apelación interpuesta en procedimientos de esta naturaleza debe ser notificada
al fiscal ó al juez del distrito, pero la comparecencia del Fiscal del Tribunal
Supremo, en la apelación, subsana la falta de notificación al fiscal del distrito
ó al juez de la corte inferior.

ID.—La parte que recurre al Tribunal Supremo en solicitud de que se apruebe un
pliego de excepciones ó una relación de hechos, debe insertar en la petición el
pliego ó relación tal y como se presentara á la corte inferior, expresando las
enmiendas hechas por dicha corte y la forma en que ésta lo hubiere aprobado
definitivamente, é indicando, además, uno por uno los errores en que hubiera
incurrido el juez del inferior al impartirle su aprobación, justificando por
declaraciones juradas ó de otro modo, que el pliego redactado por él es co-
rrecto, y no el aprobado por el juez.

ID.—En procedimientos de esta naturaleza, no puede esperarse que el Tribunal
Supremo asuma las funciones de la corte inferior y proceda á aprobar de
nuevo un pliego de excepciones ó una relación de hechos, como si ante aquella
corte no hubiera tenido lugar procedimiento alguno en relación con los mis-
mos, siendo únicamente el deber del tribunal, examinar los documentos y la
resolución de la corte inferior, y hacer las correcciones procedentes en aquellos
particulares en que se hubiera incurrido en algún error.

ID.—CASOS EN QUE EL JUEZ SE NIEGUE EN ABSOLUTO Á APROBAR EL PLIEGO DE EX-
CEPCIONES Ó RELACIÓN DE HECHOS—MANDAMUS.—La doctrina contenida en
los párrafos anteriores, es aplicable á aquellos casos en que en juez de dis-
trito se niegue á aprobar el pliego de excepciones ó relación de hechos en la
forma presentada, ó introduzca enmiendas en los mismos ó apruebe un pliego
completamente distinto, pero no es aplicable al caso en que el juez se niegue
de modo absoluto á aprobar un pliego de excepciones ó relación de hechos,
pues entonces el recurso no es el que indica el estatuto civil ó criminal, sino
el procedimiento de *mandamus.*

ID.—Si en la contestación á un auto alternativo de *mandamus,* el juez demostrare
haber aprobado un pliego de excepciones ó una relación de hechos, el auto de
*mandamus* perentorio deberá denegarse; pero cualquiera que sea el caso,
solamente puede obligarse al juez á que actúe, no pudiendo indicársele la
forma en que debe proceder en la aprobación del pliego de excepciones ó rela-
ción de hechos.

Abogado del recurrente: *Sr. López Landrón.*

Abogado del recurrido: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. MacLeary emitió la opinión del tribunal.

Los procedimientos que tenemos á la vista han sido promovidos por Felicia Fernández, representada por el Letrado Don Rafael López Landrón, para que en grado de apelación y á virtud de la correspondiente justificación ofrecida al efecto se aprueben los pliegos de excepciones y de relación de hechos que el Juez Don Emilio del Toro, por resoluciones de 16 y 17 de noviembre del año próximo pasado, se negó á aprobar en los términos en que habían sido presentados, pues lejos de hacerlo así, hizo de nuevo virtualmente dicho pliego de excepciones, mediante innumerables é injustificadas supresiones, omisiones, enmiendas y adiciones y se negó á admitir la relación de hechos, disponiendo que en su lugar se hiciera otra nueva.

Después de prórroga concedida para la justificación del pliego de excepciones, tal como había sido presentado á la corte inferior, y después de señalado día para dicha justificación, sin que ésta se haya presentado aún por razones que no es necesario consignar, el fiscal ha solicitado en moción escrita de cinco de enero último, se desestime el recurso de apelación interpuesto por el abogado de la acusada, por no haber seguido los procedimientos propios para que este tribunal revise y apruebe el pliego de excepciones y la exposición de hechos, y al efecto, alega los siguientes fundamentos:

"1. Que de los autos no aparece que se haya notificado acerca de este procedimiento al juez ni al fiscal de la corte de distrito.

"2. Que de la simple lectura de la solicitud se ve que el procedimiento no podía prosperar."

El fiscal muy propiamente sostiene que esta clase de procedimientos son iguales en asuntos civiles como en criminales, y hace referencia á los artículos 218 del Código de Enjuiciamiento Civil y 298 del Código de Enjuiciamiento Criminal de Puerto Rico, los que son substancialmente copias del artículo

652 del Código de Enjuiciamiento Civil de California. Puede que haya una simple diferencia en la redacción de estos artículos, pero esta no es de importancia en la consideración del presente caso. El fiscal hace también referencia á numerosos casos resueltos por la Corte Suprema de California, dos por la Corte Suprema de Massachusetts, dos por la Corte Suprema de Louisiana, y uno por la Corte Suprema de Ohio. Llama también el fiscal la atención al hecho de que en la discusión de este caso se presentan dos cuestiones distintas. Primero. El procedimiento para que se apruebe el pliego de excepciones que ha sido enmendado por el juez de distrito, y segundo, un procedimiento para que se apruebe una exposición de hechos la cual se negó á aprobar el juez.

Esta cuestión se presentó ante la Corte Suprema de California hace cuarenta y nueve años, en el caso de *El Pueblo* contra *Galvin,* anotado en 9 California, página 19, 20, 21. Se desestimaron los procedimientos al certificar el juez de distrito á la Corte Suprema que él había firmado un verdadero pliego de excepciones y que se negó á firmar el pliego presentado por el abogado, porque el mismo no se ajustaba á los hechos. La corte al discutir el caso hace las siguientes indicaciones:

"La facultad para resolver una cuestión litigiosa entre partes debe estar consignada en alguna parte. Toda controversia debe tener un fin ó el sistema debe llenar cumplidamente el propio objeto que se proponía. Las cortes de distrito son cortes de jurisdicción originaria, de la categoría más alta que reconoce nuestra Constitución. Son cortes de gran dignidad y se les exige que guarden una constancia (*record*) de todos sus procedimientos; y después que ellas han hecho eso, ¿pueden sus récords ó autos ser corregidos por cualquier otra autoridad reconocida por nuestra ley? Estas cortes tienen conocimiento de los procedimientos porque tienen lugar á su presencia. ¿Puede convocarse á un jurado para que resuelva con respecto á lo que haya ocurrido en presencia de la corte? Los jurados se utilizan como instrumento para determinar hechos que los Tribunales desconocen. Pero no se exige el veredicto de un jurado para que el tribunal quede informado de hechos que ocurren en presencia del mismo tribu-

nal. La misma naturaleza del caso exige que se dé fe á los tribunales que tienen una jurisdicción tan extensa y una responsabilidad tan grande como las que tienen las cortes de distrito en cuanto á la veracidad de sus propios récords. Si por una vez se estableciera el principio de que su veracidad podía ser discutida se destruiría la confianza con respecto á la fidelidad ó exactitud de los récords de estas cortes. Pronto nos veríamos en el caso de ordenar que un jurado resolviera cuestiones de hecho para determinar si los hechos consignados en las exposiciones aprobadas por los jueces de distrito, en asuntos civiles contienen ó nó toda la verdad. Todos los criminales convictos de asesinato en primer grado podrían fácilmente conseguir una larga suspensión de la ejecución, estableciendo una cuestión ó discusión sobre los hechos con el juez de distrito.''

Se presentó de nuevo la cuestión ante la Corte Suprema de California unos dos años después, en el caso del *Pueblo* contra *Lee,* que está anotado en 14 California, páginas 510-512. En aquel caso dice la corte que en cuanto á lo que se refiere á este procedimiento, no hay diferencia entre un pliego de excepciones y una exposición de hechos y que cuando el juez no sea hallado, debe entregarse la supuesta exposición de hechos ó pliego de excepciones al secretario de la corte para que la entregue al juez, debiendo dicho secretario anotar en el documento la fecha de su recibo y entregarlo al juez lo más pronto posible. En este caso se expidió una orden de *mandamus* á la corte, primero, para que aprobase el pliego de excepciones, y lo firmara cuando el mismo fuera aprobado debidamente.

De nuevo en 49 Cal., página 510, en el caso de *Gallardo* contra *La Compañía de Telégrafos del Atlántico y del Pacífico,* la Corte Suprema al tratar sobre el artículo 652, dice:

''No es el objeto del artículo el exigir que esta corte desempeñe los deberes del juez de la corte inferior, sino solamente prescribir la forma para la aprobación de un pliego, cuando el juez de la corte inferior, al hacérsele solicitud para que apruebe dicho pliego, se niega á aprobar un pliego que esté de acuerdo con los hechos. Esta corte no procederá á aprobar un pliego, cuya aprobación fué debidamente denegada por el juez de la corte inferior.''

El siguiente caso de California en orden cronológico, al cual se nos ha llamado la atención, es el del *Pueblo* contra *Hewill,* anotado en 56 Cal., página 117-119, en el que se résuelve que:

"No es necesario que los acusados en causa criminal al hacer solicitud para que se celebre nuevo juicio, tengan preparado con anterioridad un pliego de excepciones ó una exposición; ni al argumentar y someter sus mociones sin dicho pliego de excepciones ó exposición, renuncian á sus derechos para que se apruebe el pliego de excepciones después que se resuelva la moción; sino que ellos tienen derecho á un récord de todo aquello que de la prueba, procedimientos y decisiones dictadas en el juicio sea necesario para explicar los fundamentos de su moción."

En el caso *Del Pueblo* contra *Crane,* 60 Cal., 279, en el que el juez de distrito se negó á aprobar el pliego de excepciones, porque el mismo había sido titulado indebidamente con las palabras "Exposición (del caso) hecha por el demandante con motivo de la apelación", en vez de "Pliego de excepciones del demandante", como debió hacerse, la corte resolvió que no había diferencia sustancial alguna entre un pliego de excepciones y una exposición en apelación, con la exposición de que esta última va después de la moción presentada pidiendo nuevo juicio. Se ordenó al juez de distrito que aprobara el pliego de excepciones, según se pedía en la súplica de la solicitud.

En el caso de *In re Guardianship de Horace Hawes,* 68 Cal., 414, la corte dice:

"Esta es una solicitud hecha con arreglo al artículo 652 del Código de Enjuiciamiento Civil, basada en el fundamento de que el juez de la corte inferior se niega á aprobar un pliego de excepciones en el caso. El Código prescribe que esta clase de solicitudes se harán de la manera y forma y según las reglas que aquella corte (Corte Suprema) prescriba.

"Esta corte aún no ha hecho ningunas reglas sobre la materia y la práctica adecuada en tales casos no está establecida.

"Se alega en contra de la solicitud, que deben expresarse en la

solicitud las excepciones tomadas y la prueba que haya en apoyo de la misma. Creemos que esta es la verdadera práctica, y como la solicitud, en el presente caso, no muestra ninguno de estos hechos, debe denegarse.

"Somos también de opinión que debe notificarse al juez, de la presentación de la solicitud."

En el caso *Del Pueblo* contra *Bitancourt,* 74 Cal., 188, la corte discute una solicitud que fué presentada de acuerdo con el artículo 1174 del Código Penal de aquel Estado, en la que se pedía á la corte permiso para probar los hechos que había en apoyo del pliego de excepciones; dicha corte dice:

"Sin embargo, cuando como en el presente caso el pliego ha sido aprobado por el juez, la solicitud hecha á esta corte interesando permiso para probar los hechos en apoyo del pliego de excepciones, debe expresar de una manera clara, en qué consiste la incorrección del pliego, y especificar los hechos que desean probarse, así como la importancia de los mismos."

En el caso de *Anschlag* contra *La Corte Superior del Condado de Los Angeles,* relatado en 76 Cal., 513-514, el acusado hizo una solicitud, interesando que se expidiera un auto de *mandamus,* obligándose á la corte inferior á que aprobara el pliego de excepciones. Con respecto á esa solicitud la Corte Suprema hace las siguientes observaciones:

"La solicitud presentada para que se expida el auto es claramente insuficiente. En ella no se muestra que se presentara al juez un pliego de excepciones, al ser notificado, según la ley, el fiscal de distrito. Verdaderamente no hay declaración alguna en la solicitud por la que se vea si siquiera fué presentado el pliego de excepciones al juez, ó si lo recibió el secretario para entregarlo al juez. Las afirmaciones de la solicitud deben expresar hechos que muestren que el estatuto con respecto á la presentación y aprobación de pliegos de excepciones ha sido atendido, ó hechos que muestren una razón suficiente por la cual no se ha cumplido con el mismo. (Véase Código Penal, artículo 1171.)

"La solicitud es una alegación importante y debe expresar los hechos necesarios por los que tenga el solicitante derecho al auto. Si

concediéramos el auto, según la solicitud que se nos ha presentado, estaríamos entonces sancionando una práctica demasiado vaga é indeterminada para que la misma pudiera recibir la aprobación de ninguna corte."

En el caso de *Landers* contra *Landers,* anotado en 82 Cal., página 480-482, es uno muy importante, y en el resumen del mismo está condensada en forma clara y completa, la opinión de la corte, que es como sigue:

"El artículo 652 del Código de Enjuiciamiento Civil no es aplicable al caso en que el juez sentenciador se ha negado á aprobar alguna exposición (del caso) ó pliego de excepciones. El remedio para tal denegación, si fuere errónea, es un *mandamus,* obligándole á que proceda. El artículo 652 es aplicable á un caso en que el juez sentenciador, al aprobar un pliego de excepciones, se niega á permitir que se hagan una ó más excepciones que deben ser permitidas. No se han prescrito por esta corte reglas específicas, según es el fin de aquella sección; pero á falta de tales reglas, el peticionario debe expresar claramente la misma excepción ó excepciones presentadas al juez, y la prueba sobre la cual funda la veracidad de las mismas, de modo que esta corte pueda ver el perjuicio que se alega de la simple lectura de la solicitud."

En el caso de *Hyde* contra *Thorton,* 83 Cal., 83, encontramos un procedimiento original para aprobar el pliego de excepciones formuladas á favor de los peticionarios que también eran apelantes en el caso. En el presente caso la corte hace referencia y aprueba el caso de *Landers* contra *Landers* que se encuentra en el tomo anterior, haciendo las siguientes observaciones:

"Pero esta corte, celebrando sesión, ha declarado recientemente en el caso de *Landers* contra *Landers,* 82 Cal., 480, que este no es el remedio adecuado en un caso como el que se ha presentado aquí; que esta corte no puede colocarse como sustituta de la corte inferior para la aprobación de un pliego general de excepciones. Bajo la autoridad de aquel caso, debe denegarse esta solicitud y dejarse á las partes que ejerciten el remedio que aquí se indica, si el juez de la corte inferior todavía persiste en su denegación á aprobar el pliego."

En el caso *del Pueblo* contra *Scott,* se encuentra la opinión de la corte condensada en el siguiente resumen, á saber:

"Al celebrarse la vista de una moción presentada á la Corte Suprema, solicitando permiso para probar una excepción que se alega haber sido formulada por el peticionario, en el acto del juicio y la que se dice se negó el juez á admitir, en donde aparece que el juez sostuvo primeramente la objeción, á cuya resolución tomó excepción el peticionario, pero que dicha resolución fué después revocada por el juez, permitiendo que se hiciera esa pregunta y otras de naturaleza análoga, la solicitud será denegada, puesto que el peticionario no pudo haber sido perjudicado por la denegación á permitir la excepción con arreglo á los hechos."

. El fiscal de esta corte en su alegato hace referencia particularmente al caso de *Tibbets* contra *Riverside Banking Company,* anotado en 97 Cal., 258-259. La opinión de la corte es corta, y la citaremos en su totalidad. Es como sigue:

"Los apelante han presentado una solicitud en esta corte que se dice ha sido hecha con arreglo al artículo 652 del Código de Enjuiciamiento Civil.

"Dicen los peticionarios que prepararon una exposición del caso y pliego de excepciones, dando copia de ellos al abogado de los demandados, los que fueron presentados al juez de la corte superior para su aprobación; "que el referido juez se negó á firmar el mencionado pliego de excepciones", y todavía se niega á firmar dicho pliego ó cualquiera otro, según los hechos del caso. Por lo tanto ellos (los peticionarios) suplican "que esta corte firme y selle dicho pliego de excepciones, según lo prescribe el artículo 652 del Código de Enjuiciamiento Civil." Los peticionarios han confundido las prescripciones de la referida sección. Esa sección solamente prescribe que, cuando al aprobarse un pliego de excepciones ó una exposición del caso se niegue el juez á permitir una excepción, la parte puede hacer una solicitud á esta corte para probar dicha excepción. Pero en el caso presente los peticionarios simplemente demuestran que ellos presentaron una larga exposición al pedir al juez de la corte superior que se celebrara nuevo juicio, y que dicho juez se negó á firmarla así como á firmar cualquier otro pliego de excepciones. En tal caso puede obligarse al juez por medio de *mandamus* á que apruebe el pliego de excepciones ó la exposición del caso; pero esta corte no tiene la facultad, ni es su deber, el

hacer las veces del juez de la corte inferior ejercitando el deber de aprobar la exposición. Se deniega la solicitud.''

Con arreglo á estas decisiones, vemos que la opinión del fiscal de esta corte, primeramente, de que ya el juez ó el fiscal de la corte de distrito debieron haber sido citados ó notificados de los procedimientos establecidos ante esta corte para que se aprobase el pliego de excepciones y exposición de hechos, está sostenida por las autoridades, pero como el peticionario equivocó el verdadero procedimiento, citando en su lugar al fiscal de esta tribunal y como éste contestó ampliamente, representando al Pueblo de la misma manera que hubiera sido representado por los funcionarios de la corte de distrito, creemos que la citación al juez y al fiscal del distrito puede considerarse renunciada, y el caso puede tramitarse de la misma manera que si hubieran sido debidamente citados. El fiscal de esta corte es *ex oficio* un auxiliar del attorney general, y el Attorney General por su mediación y por la de sus fiscales de distrito, representa al Pueblo de Puerto Rico en todos los casos, civiles ó criminales que se presenten á este tribunal. Si él comparece ante esta corte por medio del verdedero funcionario, es decir, el fiscal, renuncia al derecho de ser representado por el fiscal del distrito. El caso pudiera ser distinto si se tratara de una solicitud de *mandamus* contra el juez de distrito. Indudablemente que en este caso debe ser notificado personalmente, porque, en sustancia, es un procedimiento personal contra él, en el que se exige su presencia.

Vemos también que la segunda alegación del fiscal de que la petición para que se apruebe el pliego de excepciones no está en propia forma, y de que no ha sido presentada en forma debida está perfectamente establecida por las autoridades. En su petición el solicitante debe insertar el pliego de excepciones que fué presentado al tribunal, y las enmiendas que le hubiere hecho el tribunal, mostrando la forma en que el pliego de excepciones ha sido definitivamente aprobado por el juez de distrito, é indicando uno por uno los errores en que

hubiere incurrido el juez en la aprobación de dicho pliego; presentando á la vez pruebas, ya por declaraciones juradas ó de otro modo, de la exactitud de sus manifestaciones en oposición al pliego de excepciones en la forma que ha sido firmado por la corte.  De acuerdo con las resoluciones de California, y con razones de buena lógica, no puede esperarse que esta corte, por virtud de una solicitud hecha en términos generales por un abogado que no esté satisfecho con un pliego de excepciones ó exposición de hechos en la forma en que hubieren sido aprobados por el tribunal inferior, se ponga en el lugar del tribunal sentenciador y proceda á aprobar de nuevo el pliego de excepciones ó exposición de hechos, como si nada hubiera sido hecho en este sentido ante el tribunal inferior.  Tal no es el objeto de la ley.  El objeto de la ley es que este tribunal, ó uno de sus jueces, ó un árbitro nombrado por el mismo, revisen el pliego de excepciones ó exposición de hechos presentados al juez de distrito, y su resolución sobre los mismos, y haga correcciones en cuestiones determinadas si se hubiere cometido algún error.  Estos supuestos errores deben indicarse distintamente, y debe aducirse alguna prueba para basar las alegaciones de que no se ha seguido el verdadero procedimiento para la aprobación ó denegación del pliego de excepciones ó de la exposición de hechos.

Estas observaciones tienen aplicación á casos en que el tribunal sentenciador ó el juez de distrito se han negado á firmar el pliego de excepciones ó la exposición de hechos presentados por el abogado, habiendo hecho enmienda á los mismos, ó á aquéllos en que hubieran firmado un pliego ó exposición enteramente nuevo, preparado por él mismo ó por el abogado de la parte contraria.  En tales casos pueden seguirse los procedimientos que indica el estatuto para hacer correcciones en determinados puntos que sean objeto de queja. Cuando el juez se niega completa y terminantemente á firmar un pliego de excepciones ó exposición de hechos, como parece que él ha hecho en este caso, por lo menos, por lo que respecta á la exposición de hechos, el procedimiento adecuado aquí, ante

este tribunal, no sería por medio de una petición hecha de acuerdo con la Ley de Enjuiciamiento Civil, ni de acuerdo con la sección 298 del Código de Enjuiciamiento Criminal, sino por medio de una solicitud de *mandamus.* Si al contestar un auto alternativo de *mandamus* el juez de distrito probara que él ha aprobado una exposición de hechos ó un pliego de excepciones de acuerdo con los hechos probados en el juicio ó con los procedimientos habidos en el tribunal inferior, entonces no podría expedirse el auto perentorio. Y en cualquiera de estos casos solamente podía ordenarse que el juez procediera. La forma en que él debería proceder á aprobar un pliego de excepciones ó una exposición de hechos, siendo asunto encomendado á su discreción, la dejaría este tribunal á su criterio, de acuerdo con las resoluciones dictadas en los casos de California arriba citados.

De acuerdo con estos hechos la moción presentada por el fiscal de esta corte para que se desestimen los procedimientos seguidos aquí en representación de la acusada, debe ser sostenida.

*Desestimada.*

Jueces concurrentes: Sres. Hernández y Figueras.

El Juez Presidente Sr. Quiñones y Asociado, Sr. Wolf, no intervinieron en la resolución de este caso.