(October 31, 1917.)

## HANS P. HANSEN, Respondent, v. BOISE PAYETTE LUMBER COMPANY, a Corporation, Appellant.

[168 Pac. 163.]

BILL OF EXCEPTIONS—SETTLEMENT BY SUPREME COURT.

1. Where a petition has been presented to this court asking that a reporter's transcript be settled as a bill of exceptions and the reporter's transcript does not accompany the petition, there is nothing before this court upon which it can act.

2. Under the statutes of this state the supreme court has no power to settle an entire bill of exceptions, but its power is restricted to those cases where the trial court failed to allow an exception and not where the court refused to settle the transcript as a whole.

Original application to settle reporter's transcript. *Denied.*

Edwin Snow, for Appellant.

J. J. McCue and J. G. Johnston, for Respondent.

RICE, J.—This is an original application to this court to settle a reporter's transcript under sec. 4432, Rev. Codes, and rule 9 of this court.

The respondent recovered a judgment against the appellant in the trial court, from which judgment the appellant filed notice of appeal to this court and had a reporter's transcript prepared. This appeal was subsequently dismissed on the grounds that the same was prematurely taken. A second notice of appeal was filed on April 21, 1917, at which time the completed reporter's transcript from the previous appeal was in the hands of the appellant's attorney. However, the reporter's transcript was not served upon the opposing counsel until June 5, 1917. The trial court refused to settle the transcript upon application on the grounds that the transcript was not served upon the opposing counsel within the time prescribed by subd. 2, chap. 119, Sess. Laws 1911, p. 380. The

appellant has not presented the transcript to this court for settlement, and has furnished this court with nothing but its petition. It would therefore seem that under the authority of *Dernham v. Lieuallen,* 4 Ida. 528, 43 Pac. 74, there is nothing before this court on which to act.

This application is not to prove an exception in accordance with the facts which the trial judge refused to allow, but an application to settle the entire bill of exceptions which the trial judge refused to do. Sec. 4432, Rev. Codes, is identical with sec. 652, Code of Civil Procedure of. California, prior to its amendment. The California courts construed the above section, while the same was in force in that state, to be applicable only to those cases where the trial court failed to allow an exception and not where the court refused to settle the transcript as a whole.

In the case of *Landers v. Landers,* 82 Cal. 480, 23 Pac. 126, the court said:

"Sec. 652 was not intended to apply and does not apply to the case where a trial judge has refused to settle a statement or bill of exceptions. The remedy if such refusal is wrongful is *mandamus* to compel him to act. The law does not impose upon the appellate court the general duty of settling a bill of exceptions. Sec. 652 applies to a case where the trial judge, in settling a bill, refuses to allow an exception which ought to be allowed. The language is, 'if the judge in any case refused to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same,'—that is, to prove the exception which the judge is alleged to have refused to allow in accordance with the facts."

In *Tibbets v. Riverside Banking Co.,* 97 Cal. 258, 32 Pac. 174, the court said:

"That section only provides that where, upon the settlement of a bill of exceptions or statement, the judge refuses to allow an exception, the party may petition this court to prove said exception, but in this case the petitioners merely show that they presented quite a lengthy statement on motion for a new trial to the judge of the superior court, and that he refused

to sign it, or any other bill of exceptions.  In such case the judge can be compelled by *mandamus* to settle the bill or statement; but this court has not the power, nor is it its duty, to take the place of the judge of the lower court, and perform the duty of settling the statement.'' (*Hyde v. Boyle*, 86 Cal. 352, 24 Pac. 1059; *Hudson v. Hudson*, 129 Cal. 141, 61 Pac. 773; *Estate of Dolbeer*, 147 Cal. 359, 81 Pac. 1098.)

The power to settle a bill of exceptions is statutory, and a strict construction is necessary.

In the case of *Hyde v. Thornton* (*Hyde v. Boyle*), 83 Cal. 83, 23 Pac. 126, upon an application identical with the one at bar, the court said:

''But this court, in bank, has recently held, in the case of *Landers v. Landers*, [82 Cal. 480], ante [23 Pac. 126], that this is not the proper remedy in a case like the one here presented; that this court cannot substitute itself for the court below in the settlement of a general bill of exceptions.  On the authority of that case this application must be denied, and the parties left to the remedy therein suggested, if the judge below still persists in his refusal to settle the bill.''

In the case of *In re Gates*, 90 Cal. 257, 27 Pac. 195, the court said:

''Sec. 652 limits the authority of this court to interfere in the settlement of a bill to the single instance in which the judge 'refuses to allow an exception'; and we have no inclination, even if we had the power, to extend this authority beyond the limits prescribed by the statute.''

The same construction has been placed on an identical statute by the supreme court of Montana in the cases of *In re Plume*, 23 Mont. 41, 57 Pac. 408; *Harding v. McLaughlin*, 23 Mont. 334, 58 Pac. 865.

The petition is therefore denied.

Budge, C. J., and Morgan, J., concur.