ANDREAS MACHADO et al., Appellants, v. ABBOT KIN-
NEY et al., Respondents.

APPEAL—ORDER DENYING NEW TRIAL—ABSENCE OF STATEMENT OR BILL
OF EXCEPTIONS—AFFIRMANCE.—Where there is no settled statement
or bill of exceptions to be used upon a motion for new trial, the
order denying the new trial must be affirmed upon appeal there-
from.

ID.—REFUSAL TO SETTLE STATEMENT—REVIEW UPON APPEAL—MANDA-
MUS.—The refusal of the court to settle the statement on motion
for new trial cannot be reviewed upon appeal from the judgment
and order denying a new trial. The remedy therefor is by *mandamus*.

ID.—ACTION TO QUIET TITLE—STRIP OF LAND—INCONSISTENT FINDINGS
—JUDGMENT—ADMISSION OF PLEADINGS—DISREGARD OF FINDING.—
In an action to quiet title to a strip of land described in the com-
plaint, the existence of which is admitted in the pleadings of all
parties to the suit, and which the findings and decree deal with and
dispose of, a finding that there was no such strip of land as de-
scribed in the complaint is inconsistent with the other findings, and
with the judgment, and must be disregarded as immaterial to the
case made by the pleadings.

ID.—APPEAL—ABSENCE OF EVIDENCE—CONSTRUCTION OF FINDINGS—RE-
VERSAL NOT JUSTIFIED.—In the absence of the evidence, a finding
which may possibly be construed either as inconsistent or as con-
sistent with the pleadings, the other findings, and the judgment,
cannot, upon either construction, furnish ground for reversal of the
judgment.

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order denying a new trial.
Lucien Shaw, Judge.

The facts are stated in the opinion.

A. B. Hotchkiss, for Appellants.

John D. Pope, and R. R. Tanner, for Respondents.

GRAY, C.—Action to quiet title and for damages.
Plaintiffs appeal from the judgment and from an order
denying their motion for a new trial.

1. The notice of intention to move for a new trial does not
appear in the record, but we infer from the fact that appel-

lants endeavored to have a statement on motion for new trial
settled, that the notice of intention specified that the motion
for new trial would be heard on a statement of the case. No
statement or bill of exceptions to be used on said motion was
settled by the court; the order denying the motion for a new
trial must therefore be affirmed. (*Sutton* v. *Symons,* 100 Cal.
576; *Budd* v. *Drais,* 50 Cal. 120; *Symons* v. *Bunnell,* 101 Cal.
223; *Henry* v. *Merguire,* 106 Cal. 142.)

2. On this appeal we cannot review the action of the court
refusing to settle the statement on motion for new trial. The
remedy for that is pointed out in *Hudson* v. *Hudson,* 129 Cal.
141.

3. It is urged that the finding to the effect that there is no
strip of land such as claimed by appellants in their complaint
is inconsistent with the other findings and with the judgment;
and so, indeed, it seems to be. More than this, it is incon-
sistent with the issues as framed in the pleadings. All parties
to the suit, so far as can be gathered from the pleadings, pro-
ceeded upon the theory that there was a strip of land as
described in the complaint. The findings and decree deal with
and dispose of this same strip of land. We, therefore, think
that the finding that there was no such strip of land is
contrary to the admissions contained in the pleadings of all
the parties to the suit, and is inconsistent with and contradic-
tory of the other findings in the case, and should be disre-
garded as entirely immaterial to the case made by the
pleadings. (*Ortega* v. *Cordero,* 88 Cal. 221; *Rudel* v. *Los
Angeles Co.,* 118 Cal. 281; *Hall* v. *Arnott,* 80 Cal. 348.)

We have treated the finding complained of thus far as it
seems to be treated in the briefs of at least two of the parties
to this appeal. It is difficult, in the absence of the evidence,
to understand the meaning of this finding. It is not unreason-
able to suppose, however, that the court intended by it simply
to find that certain conveyances conveyed the land so that
one of its boundaries was "the Pacific Ocean at the line of
ordinary high tide," and that there was no strip of land
between the land described in these conveyances and the
Pacific Ocean, and no strip of land between two certain
ranches, but that said ranches had a common boundary
between them. Thus understood, the finding would not be
inconsistent with the pleadings, the other findings, or with the

judgment. Whichever construction may be given the finding, it furnishes no ground for reversal of the judgment.

The judgment and order appealed from should be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.