[Civ. No. 543.   Third Appellate District.—February 1, 1909.]

## UTAH-NEVADA COMPANY, a Corporation, Appellant, v. JOSEPH R. DE LAMAR, Respondent.

APPEAL—ORDER REFUSING RELIEF FROM DEFAULT—FAILURE TO SERVE STATEMENT IN TIME—RULE OF DISCRETION—REVIEW UPON APPEAL. The rule that the trial court, in cases of doubt, should exercise its discretion in favor of the granting of an application for relief from default, in failing to serve a proposed statement on appeal within the time limited therefor, is a rule merely for the guidance of the trial court, and has no application to guide the reviewing court upon appeal from an order refusing to grant such relief, upon which the sole question to be considered is whether the trial court abused its discretion in making the order appealed from.

ID.—LIMITS OF POWER OF APPELLATE COURT.—The appellate court cannot substitute its own judgment for that of the trial court, nor determine, as a matter of fact, whether the trial court had any doubt as to the sufficiency of the appellant's exculpation from apparent negligence, nor can it hold, as matter of law, when reasonable men might draw opposing conclusions, that the trial court should have decided the question one way or the other.

ID.—DISCRETION OF TRIAL COURT NOT ABUSED—CHRONIC DEFECT IN ATTORNEY'S EYESIGHT—ABLE ASSOCIATES—INSUFFICIENT SHOWING.—

The discretion of the trial court cannot be held to have been abused in refusing to set aside the default for failing to prepare the statement within the extreme limit of time which could be and was allowed by law and by the court's order extending time, merely because of chronic defect of seven years' standing in the eyesight of the attorney proposing to prepare the statement, especially when it appears that he had four able associates of the same bar, and there was no showing of their unwillingness to relieve him, owing to his physical condition.

ID.—ATTORNEY'S IGNORANCE OF LIMIT OF POWER TO EXTEND TIME—INEXCUSABLE NEGLECT.—The failure of the attorney to know the limit of time which the court can extend in addition to the time allowed by law, in which to prepare a statement, under the Code of Civil Procedure, is inexcusable neglect, and cannot be held to be the result of mistake, surprise or inadvertence.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying an application to be relieved from default in failing to propose a statement on appeal in time, and refusing to settle the same. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

McGowan, Squires & Westlake, for Appellant.

Pillsbury, Madison & Sutro, for Respondent.

BURNETT, J.—The appeal is from an order of the superior court denying the application of appellant to be relieved from its default in failing to propose, within the time required by law, its statement on appeal from the order denying its motion for a new trial, and refusing to settle the statement.

On February 26, 1907, findings and a judgment in favor of the defendant were filed and entered. The motion for a new trial was made upon affidavits and upon the minutes of the court and it was denied on June 27, 1907. On July 2, 1907, the trial judge made an order extending plaintiff's time thirty days within which to prepare and serve the statement. Similar orders for five, seven and seven additional days, respectively, were made by Judge Coffey in the absence of Judge Seawell, the trial judge, and none of these orders was served upon the defendant or his counsel. On August 24, 1907, plaintiff

served upon defendant its proposed statement on appeal.   On September 3, 1907, the defendant served his proposed amendments but expressly objected to the settlement of the statement upon the ground that the court had no jurisdiction to settle the same, for the reason that it was not served in time: "That under the provisions of section 661 of the Code of Civil Procedure the time of the plaintiff to prepare and serve its proposed statement of the case on appeal from the order denying its motion for a new trial, as extended by said last mentioned order of said court (the order of July 2, 1907) expired on the sixth day of August, 1907, and that, under the provisions of section 1054 of the Code of Civil Procedure, no additional time to prepare or serve said proposed statement could be given."

Thereupon, on September 7th, the plaintiff served a notice of a motion to be made by it, on September 13th, to be relieved from its failure to serve its statement within the forty days. The motion was supported by affidavits and counter-affidavits were filed by defendant.   The decision, as we have seen, was against plaintiff.

Appellant concedes that "the court was without jurisdiction to grant an extension of time beyond August 6th," and that "the statement was served just eighteen days too late."   It is admitted, also, "that the granting or denial of relief for failure to present the statement within the time allowed by law rested largely in the discretion of the trial court.   (*Stonesifer* v. *Armstrong*, 86 Cal. 594, [25 Pac. 50]; *Stonesifer* v. *Kilburn*, 94 Cal. 33, [29 Pac. 332]; *Cole* v. *Wilcox*, 99 Cal. 549, [34 Pac. 114]; *Banta* v. *Siller*, 121 Cal. 414, [53 Pac. 935]; *Murphy* v. *Stelling*, 138 Cal. 641, [72 Pac. 176].)"

But it is insisted that the trial court abused its discretion, and that in determining the question "the appellate court should review the action of the trial court in the light of the rule that the trial court, in case of doubt, should resolve the doubt in favor of the application," quoting from the Banta case, *supra*.   This, however, is not a rule to guide the reviewing court, but the quotation is merely one of the hortatory suggestions to the trial court in which the appellate courts, with commendable zeal, often indulge, but which, we fear, are often disregarded.   The appellate court may have a doubt of the correctness of the ruling; it may be of the opinion that the trial

court should have ruled otherwise, but that is not a sufficient reason for reversal. It cannot substitute its own judgment for that of the trial court. Otherwise, the trial court would be divested of all discretion. It must appear equally clear that the appellate court cannot determine, as a matter of fact, whether the trial court had any doubt as to the sufficiency of the exculpation from the apparent negligence, nor, where reasonable men might draw opposing conclusions, can it be held, as a matter of law, that the trial court should have decided the question one way or the other. The sole question for us to decide is, Did the trial court abuse its discretion?

We quote from *Alferitz* v. *Cahen*, 145 Cal. 398, [78 Pac. 878], the language of Mr. Justice Henshaw: "The sole question presented to this court upon an appeal such as this is whether or not there has been an abuse of the discretion vested in the trial court, either in granting or in refusing the motion. Where such abuse has been plainly shown this court has lent its aid in correction of it, but in all other cases relief has been denied. The whole consideration has been well summed up by Mr. Justice Harrison in *Ingrim* v. *Epperson*, 137 Cal. 370, [70 Pac. 165], where it is said: 'The rule has been so often declared as not to need the citation of authorities, that the action of the superior court, upon an application to set aside a default or grant relief therefrom, rests so largely in its discretion that it will not be disturbed on appeal, unless it shall be made clearly to appear that there was an abuse of this discretion. While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause on its merits, the rule itself has never been relaxed. This observation has been in the nature of advice to the superior court, and not for the purpose of compelling it to decide in that mode. Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed.' "

There is applicable here another observation made by Judge Henshaw to the effect that if the trial court had reached the opposite determination and had granted the application, the conclusion would not have been disturbed, but that is far from a declaration that the decision which the court actually reached was unwarranted, and therefore an abuse of its discretion.

The question is similarly discussed in *Vinson* v. *Los Angeles Pac. R. R. Co.,* 147 Cal. 479, [82 Pac. 53], and by this court in *Donnelly* v. *Tregaskis,* 7 Cal. App. 317, [94 Pac. 383].

In the light of these and other decisions we cannot disturb the action of the court below, as it does not appear that the court abused its discretion; on the contrary, we must hold that the facts warranted an inference that the default of plaintiff was not legally excusable. The main circumstance upon which plaintiff relied for acquittal of the imputation of negligence was a severe affection of the eyes of Mr. Houx, the attorney to whom was committed the task of preparing the statement. But, as pointed out by respondent, this trouble was of seven or eight years' standing, and on account of its character must have been known to plaintiff and to its other counsel in the case, of whom there were four able members of the San Francisco bar.

Even if the afflicted attorney had been the only counsel, under the circumstances the court, without an abuse of discretion, might have rejected the excuse as insufficient. In *Ekel* v. *Swift,* 47 Cal. 619, it is held, as stated in the syllabus, that "When an attorney in a cause fails to attend a trial had at a regular term of court, and does not know that the cause is set for trial, and this failure and want of knowledge is caused by an illness of the attorney which was not sudden, but under which he had been laboring for a year, and the other party obtains a judgment for want of an appearance, the facts are not sufficient to warrant an order vacating the judgment." The action of the court in the present instance is less open to criticism in view of the connection with the case of the other attorneys. There is no showing that they were not able and willing to attend to this important work for which Mr. Houx, on account of his physical condition, was so illy prepared.

The court also was justified in holding that the want of knowledge of Mr. Houx concerning the prohibition of the statute in relation to extension of time cannot be held to be the result of mistake, surprise or inadvertence. The principle is the same as that involved in the Ingrim case, *supra,* wherein it is said: "The rules of procedure for the purpose of preparing a record to be used upon an appeal from a judgment are so clearly set forth in the Code of Civil Procedure, and have been so frequently passed upon by this court, that ignorance of the

time within which a statement or bill of exceptions must be prepared and served cannot be the result of mistake or surprise or inadvertence, and the neglect to prepare and serve it within the time prescribed by the code is not excusable.''

Upon the whole we are satisfied that to reverse the order would be an unwarranted interference with the discretion, which, under our system, is wisely committed to the conscience and judgment of the trial court, and would be to encourage a relaxation of a. wholesome rule that fosters expedition in the determination of causes.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.