[L. A. No. 2677.  In Bank.—December 1, 1910.]

## A. W. BRODE et al., Respondents, v. WILLIAM G. GOSLIN et al., Defendants; JOHN G. RITTER, Appellant.

APPEAL—AUTHENTICATION OF ORDERS APPEALED FROM.—On an appeal from an order denying a new trial and an order denying a motion to vacate a judgment, it is not necessary that the orders should be contained in a bill of exceptions or statement. Copies of the orders, certified by the clerk, together with a copy of the notice of appeal, are all that are requisite to sustain the appeal.

ID.—ALTERNATIVE METHOD OF APPEAL—NOTICE OF ENTRY—TIME TO APPEAL.—Under the alternative method of taking appeals, (Code Civ. Proc., secs, 941a and 941b), where no notice of entry of an order denying a new trial was ever served, an appeal from the order, taken more than sixty days but within six months from the date of its entry, is in time.

ID.—REFUSAL TO SETTLE BILL OF EXCEPTIONS—ORDER NOT APPEALABLE—MANDAMUS SOLE REMEDY.—An appeal will not lie from the refusal of the judge of the trial court to settle a bill of exceptions on the ground that it had not been presented within the time allowed by law, there having been no application for relief under section 473 of the Code of Civil Procedure. If, in fact, the bill was presented in time, and the trial judge erroneously concluded it was not, the exclusive remedy is *mandamus* to compel the settlement.

ID.—STRIKING OUT EXTRANEOUS MATTER FROM TRANSCRIPT.—The appellate court will not, in advance of a hearing of an appeal on its merits, consider a motion to strike from the transcript matters contained therein, on the ground that they were not properly authenticated. If, in a consideration of the appeal, such matters have no place in the record, they will be disregarded.

MOTION to strike out certain matters from a transcript on appeal and to dismiss appeals from an order of the Superior Court of Los Angeles County refusing a new trial, from an order refusing a motion to vacate the judgment, and from

an order refusing to settle a bill of exceptions. W. P. James, Judge.

The facts are stated in the opinion of the court.

Randall & Gaines, for Appellant.

George H. Moore, for Respondents.

ANGELLOTTI, J.—Motion by respondents for an order striking out certain matters contained in the transcript on appeal and also to dismiss appeals taken by defendant Ritter from an order denying his motion for a new trial, from an order denying his motion to vacate the judgment in said action, and from an order refusing to settle a bill of exceptions to be used on appeal.

The only grounds urged for the dismissal of the appeals from the order denying a new trial and the order denying the motion to vacate the judgment are that the appeals were not taken in time, and that the orders appealed from are not contained in any bill of exceptions or statement.

As to the latter ground: It is not necessary that the orders appealed from should be contained in any bill of exceptions or statement. Copies of the orders appealed from certified by the clerk, together with a copy of the notice of appeal, are all that are requisite to sustain the appeal from such orders. (Code Civ. Proc., secs. 951, 952.) It may be that without a bill of exceptions or statement showing facts upon which error in making the orders is apparent, the appellant is not likely to succeed upon his appeal, but this goes to the question of the merits of the appeal and does not warrant a dismissal.

The order denying the motion to vacate the judgment was made February 21, 1910, and the appeal therefrom was taken April 6, 1910. This was within the sixty days allowed by subdivision 3 of section 939 of the Code of Civil Procedure.

The order denying a new trial was made January 10, 1910, and the appeal therefrom was not taken until April 6, 1910, which was more than sixty days from the making of the order. The record does not show, however, that notice of entry of said order was ever served on appellant's attorneys of record

(see *Foss* v. *Johnstone, ante,* p. 119, [110 Pac. 294, 296]),
and it was expressly admitted at the argument of this motion
that no such notice had ever been given. In view of the pro-
visions relating to an alternative method of taking appeals,
appellant had sixty days from the giving of such a notice
within which to take an appeal, provided that the appeal must
in any event be taken within six months. (Code Civ. Proc.,
secs. 941a and 941b.) The appeal therefore was in time.

The settlement of a proposed bill of exceptions was refused
by the judge of the trial court on the ground that the same
had not been presented within the time allowed by law. It
is claimed that appeal is not the remedy for such a refusal
and, in view of the now well-established rule in this state,
this claim must be held good. We are not dealing with the
case of a denial of a party's motion for relief under section
473 of the Code of Civil Procedure, where he has failed to
comply with the law in the matter of presenting his proposed
bill of exceptions. It appears to be well settled that an order
denying such an application is appealable. There was no
such application for relief in this case, but only a mere
refusal of the trial judge to settle the proposed bill. If appel-
lant had not complied with the requirements of the law in the
matter of the presentation of his proposed bill of exceptions
he was not entitled to have the same settled unless relieved by
the court from his default under the provisions of section 473
of the Code of Civil Procedure. If he had complied with the
law and the trial judge erroneously concluded that he had not
so complied and therefore refused to settle the bill, such
wrongful refusal is not the subject of an appeal, and the
proper and exclusive remedy for such wrongful refusal is
*mandamus* to compel the settlement. (*Murphy* v. *Stelling,*
138 Cal. 641, [72 Pac. 176]; *Whipple* v. *Hopkins,* 119 Cal.
349, [51 Pac. 535]; *Machado* v. *Kinney,* 135 Cal. 354, [67
Pac. 331]; *Hudson* v. *Hudson,* 129 Cal. 141, [61 Pac. 773];
*Miller* v. *American etc. Co.,* 2 Cal. App. 271, 274, [83 Pac.
289]; see, also, *Landers* v. *Landers,* 82 Cal. 480, [23 Pac.
126]; *Pendergrass* v. *Cross,* 73 Cal. 475, [15 Pac. 63]; *Gay* v.
*Torrance,* 145 Cal. 144, [78 Pac. 540].)

Respondents also move for an order striking out and ex-
punging from the transcript on appeal certain matters con-
tained therein, which it is claimed cannot be considered on

the appeal because not contained in any bill of exceptions or statement, or authenticated in any manner allowed by statute or the rules of this court. This court cannot well entertain and consider motions of this character in advance of a hearing of the appeal on its merits. If upon a consideration of the appeal it be found that the matters referred to have no proper place in the record, they will be disregarded.

The appeal from the refusal of the trial judge to settle appellant's proposed bill of exceptions is dismissed. In all other respects respondents' motion is· denied.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.