[Civ. No. 1052. Second Appellate District.—May 21, 1912.]

## B. R. SMITH, Respondent, v. RIVERSIDE GROVES AND WATER COMPANY, a Corporation, Appellant.

APPEAL FROM JUDGMENT—BILL OF EXCEPTIONS—RELIEF FROM DEFAULT—ERRONEOUS ASSUMPTION AS TO ORDER—WANT OF PRUDENCE—SECOND DEFAULT—RELIEF DENIED—DISCRETION NOT ABUSED.—Where upon an appeal from the judgment appellant failed to serve his bill of exceptions within time, and upon application under section 473 of the Code of Civil Procedure the court expressly allowed a new bill of exceptions to be proposed and served, and fixed the time for amendments thereto, but the appellant, imprudently relying upon a stipulation with respondent, which was superseded by such order, suffered another default, it is held that it cannot be said that it was an abuse of discretion to deny relief from such second default, there being no excusable neglect or mistake, in noncompliance with the first order granting relief, which it was his duty to observe.

ID.—RULE AS TO REVIEW OF DISCRETIONARY POWER.—The rule is well settled that where the trial court has discretionary power in proceedings before it of the present character, its exercise will not be disturbed, unless a clear abuse of discretion is made to appear; and even when the correctness of the ruling may be doubted, the appellate court will not substitute its own opinion, and thereby divest the trial court of the discretionary power reposed in it.

ID.—ABSENCE OF BILL OF EXCEPTIONS SHOWING GROUND FOR RELIEF—AFFIRMANCE OF JUDGMENT AND ORDER APPEALED FROM.—There being no proper bill of exceptions that can be considered upon the appeal from the judgment, and the bill of exceptions settled upon appeal from the order refusing to vacate a second default in the settlement of a bill of exceptions for use on appeal from the judg-

ment showing no ground of appeal from such order, both the
judgment and the order appealed from must be affirmed.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order refusing to vacate a second default in failing to settle a bill of exceptions for use upon appeal from the judgment. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Myron W. Tilden, and Watkins & Blodget, for Appellant.

Collier, Carnahan & Craig, for Respondent.

ALLEN, P. J.—Judgment was duly given and made in plaintiff's favor and against defendant on March 3, 1910, and on the same day notice thereof given. Notice of appeal from such judgment was served and filed on March 14, 1910. On April 14th following, defendant served on plaintiff's attorneys what purported to be a bill of exceptions, service of which was acknowledged, "reserving all objections to the same that might be made because the same was not served within the time allowed by law or the order of court." On April 19th, recognizing its default in serving such bill within proper time, defendant made application to the court for relief from said default under section 473, Code of Civil Procedure. The parties upon the date of such hearing stipulated in open court that plaintiff should have ten days after service of the notice of the ruling upon such application within which to serve amendments to defendant's proposed bill of exceptions. Thereafter, on May 4th, the court by its order relieved defendant on account of its default and granted defendant five days from and after May 4th within which to serve said proposed bill of exceptions, and plaintiff was given ten days from date of service within which to propose amendments. Defendant served no proposed bill within the time specified in the order, relying upon the service of the bill originally served out of time and the stipulation with reference to amendments thereto, and again suffered default. Thereafter, being advised by the court that the order was intended to supersede or take precedence over any stipulation with reference to the time for filing amendments, defendant again made applica-

tion for relief from such default, and this the court, on June 4, 1910, denied. On August 4th following notice of appeal from such order denying relief was filed. This ruling of the court is sought to be reviewed upon a bill of exceptions disclosing the facts above stated.

It is insisted by respondent that the court cannot consider the bill of exceptions last mentioned, because the appeal was not taken within sixty days after entry of judgment and service of notice thereof. (Code Civ. Proc., subd. 3, sec. 939.) A motion to dismiss the appeal upon this and other grounds was denied by the supreme court without prejudice, and the motion has not been renewed since the transfer of the case to this court. We are of opinion, however, that the judgment and order should be affirmed. Admittedly, no proposed bill entitled to consideration had been served at the date of the stipulation. The very motion for relief in the first instance affirmatively shows that there was no attempt to vivify the previously served proposed bill; but, on the contrary, defendant was seeking an order through which it could serve and file a new bill of exceptions, which might or might not contain the matters and things set forth in the other bill. The first proposed bill not being filed in time, no amendments were required or warranted. Appellant saw fit to ignore the plain order of the court made at its instance, relying upon the proposition that the court did not mean what it said by the order. Defendant had applied to the court for an order and when such order was made it was its duty to observe it. No mistake appears, and neither is excusable neglect shown; simply an assumption by appellant that the court in making the order had overlooked the stipulation. This was not such conduct as should be exercised by a prudent man in a matter of material concern to him. The rule is well settled that the discretionary power of the court in proceedings of this character will not be disturbed unless a clear abuse of discretion is made to appear. "It is only in exceptional cases that orders of that kind will be reversed." (*Shearman* v. *Jorgensen,* 106 Cal. 483, [39 Pac. 863].) While the correctness of the ruling may be doubted, nevertheless, an appellate court will not substitute its own opinion and thereby divest the trial court of that discretionary power reposed in it. We do not feel able to say that a clear abuse of discretion is made

to appear, and, under the established rule, the order and judgment of the superior court should be affirmed; and it is so ordered.

James, J., and Shaw, J., concurred.