[S. F. No. 6331.   In Bank.—March 25, 1913.]

## LEOPOLD OPPENHEIMER, Respondent, v. RADKE & CO. (a Corporation), Appellant.

PRACTICE—RELIEF FROM DEFAULT—ABUSE OF DISCRETION.—The appellate courts will not reverse the decision of the trial court refusing or granting relief, under section 473 of the Code of Civil Procedure, from a default taken against a party through his mistake, inadvertence, surprise, or excusable neglect, unless it clearly appears that there was an abuse of discretion.

ID.—FAILURE TO SERVE PROPOSED BILL OF EXCEPTIONS IN TIME—UNSUCCESSFUL EFFORTS TO COMPROMISE TO AVOID APPEAL.—Where a defendant against whom judgment had been rendered on a promissory note, was ignorant of the limitation of time allowed him by law in which to serve a draft of a proposed bill of exceptions on appeal, and did not advise with his attorneys on that subject, but merely stated to them that he desired to compromise the case rather than take an appeal, and was engaged in unsuccessful negotiations to effect the compromise until he had suffered default in the service of such proposed bill, it cannot be held that the trial court was guilty of an abuse of discretion in refusing to relieve him from the default.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to relieve from a default.   E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Henry C. Schaertzer, for Appellant.

Lilienthal, McKinstry & Raymond, and Orville C. Pratt, Jr., for Respondent.

SHAW, J.—Judgment was entered against the defendant in favor of the plaintiff in an action upon a promissory note on April 26, 1912.   Notice thereof was served on the defendant on May 1, 1912.   The law allows ten days, or such further time, not exceeding thirty days, as may be allowed by the court, after such notice, within which to serve upon the adverse party a draft of a proposed bill of exceptions, to be used on appeal from the judgment.   (Code Civ. Proc., secs. 650, 1054.)   The defendant did not prepare or serve such proposed bill within the ten days allowed by the code, and it did not obtain any extension of the time within which to do so. On June 24th it gave notice of motion for relief from the default in failing to propose such bill.   The motion came on for hearing and was denied by the court.   The appeal here presented is from the order denying such motion.

Under section 473 of the Code of Civil Procedure, a party may, in the discretion of the court, at any time within six months be relieved from a default taken against him "through his mistake, inadvertence, surprise, or excusable neglect."

The giving of such relief is, by the code itself, committed to the discretion of the court in which the default occurred. It is thoroughly settled that the appellate courts will not reverse a decision of the trial court refusing or granting such relief, unless it clearly appears that there was an abuse of discretion.   (*Ingram* v. *Epperson*, 137 Cal. 371, [30 Pac. 165]; *O'Brien* v. *Leach*, 139 Cal. 222, [96 Am. St. Rep. 105, 72 Pac. 1004]; *Alferitz* v. *Cahen*, 145 Cal. 399, [78 Pac. 878]; *Vinson* v. *Los Angeles Pac. R. R. Co.*, 147 Cal. 483, [82 Pac. 53].)

The motion for relief was supported by an affidavit of R. L. Radke, president of the defendant corporation, and appar-

ently its managing officer. We give a statement of the facts set forth in the affidavit. After the judgment was rendered against the defendant, he decided to attempt to procure a compromise, rather than to take an appeal, and thus, if possible, avoid the expense of an appeal, and he informed the defendant's attorneys of this purpose. The negotiations for such settlement continued until June 1, 1912. In the mean time, defendant's attorneys, at his instance and in order to gain time for the negotiations and protect defendant's property from levy, had procured three orders, each for a ten days' stay of execution, the last expiring on May 31, 1912. On that day the arrangements for settlement were practically complete, but a third person on whom Radke depended for assistance was unexpectedly called away to be absent until June 3d. Radke did not expect that an execution would be issued until after the latter date. One was issued, however, on June 1st, and it was at once levied on the defendant's property. This ended all efforts to compromise and Radke then determined to take an appeal from the judgment, and, for the first time, informed defendant's attorneys that the defendant desired to do so. The reason he did not previously instruct them to appeal, or to prepare a bill of exceptions, was that he fully expected to be able to make a compromise and did not wish to incur expense which would be unnecessary if he succeeded in settling the case. He did not know that the law gave only ten days' time to serve a draft of the proposed bill of exceptions on appeal and he made no inquiry and asked no advice of his attorneys on that subject. What he did say to them in this interval of thirty days was that he believed he could settle the case, that for that reason there was no necessity for bothering with an appeal, and that all he desired of them was that they should obtain short stays of execution from time to time until he made the arrangements to settle. These facts do not establish a clear case of inadvertence or excusable neglect. They rather tend to show the want of any good excuse for his failure to advise the attorneys that he desired to appeal if his efforts to compromise should fail, or for his neglect to ask their advice as to the things necessary to be done to preserve his right to an effectual appeal. We cannot say, under the circumstances stated, that the refusal of

the relief asked for was an abuse of discretion. The order must, therefore, be affirmed.

The defendant, notwithstanding the lack of a bill of exceptions, took an appeal from the judgment. On August 5, 1912, the respondent moved this court to dismiss said appeal, because of defendant's failure to file a transcript on appeal within time. Upon a showing that this proceeding for relief was pending, the motion to dismiss the appeal was denied without prejudice. The plaintiff now asks that, in the event that the order refusing leave to serve a proposed bill of exceptions be affirmed, the aforesaid appeal from the judgment be dismissed. The defendant consents to such dismissal upon the conditions stated. As we conclude that the order must be affirmed, the dismissal of the appeal from the judgment will accordingly be made.

The order denying the motion to set aside the default in failing to serve and file a draft of the proposed bill of exceptions is affirmed. The motion to dismiss the appeal from the judgment, being the appeal numbered S. F. 6286, is granted, and it is ordered that said last mentioned appeal be dismissed.

Angellotti, J., Sloss, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.