[Civ. No. 1728.   Third Appellate District.—December 28, 1917.]

## T. W. POTTER, Appellant, v. W. R. PIGG et al., Respondents.

BILL OF EXCEPTIONS—REFUSAL TO SETTLE—REMEDY.—The remedy for refusal to settle a bill of exceptions is by *mandamus* and not by appeal from the order of refusal.

JUDGMENT—CONFLICT WITH FINDINGS—REMEDY.—Where the judgment is in conflict with the findings, the remedy is by appeal from the judgment.

ID. — VACATION OF JUDGMENT — INCONSISTENCY WITH FINDINGS — INCORRECT CONCLUSIONS OF LAW—JURISDICTION.—The superior court has jurisdiction on motion under section 663 and 663a of the Code of Civil Procedure to vacate a judgment as entered, which is inconsistent with and not supported by the findings of fact, and to enter a proper judgment, and also where the conclusions of law are incorrect or erroneous and not consistent with the findings of fact.

ID.—ORDER VACATING JUDGMENT—ENTRY OF PROPER JUDGMENT—APPEAL.—An order denying a motion to vacate a judgment under sections 663 and 663a of the Code of Civil Procedure is an order after final judgment, and is appealable.

VENDOR AND VENDEE—FORECLOSURE OF CONTRACTS OF SALE—DAMAGES FOR USE OF LAND.—Where by the terms of contracts for the sale of real property the purchasers were entitled to the possession of the land and personal property, and their possession was lawful until the vendor made demand for possession, and without waiting for the purchasers to comply with the demand, the vendor took possession and remained in possession of the property, such vendor is not entitled, in an action to foreclose the contracts, to any damages for the use of the land and personal property.

ID.—DEMAND FOR PAYMENT—RIGHTS OF VENDEES—REASONABLE TIME. Where time is not specifically made of the essence of contracts for the sale of land, the purchasers are entitled to a reasonable time after demand for payment made by the vendor in which to make such payment.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order made after final judgment. J. A. Allen, Judge.

The facts are stated in the opinion of the court.

T. E. Clark, for Appellant.

Lamberson, Burke & Lamberson, and Snook & Church, for Respondents.

CHIPMAN, P. J.—Plaintiff appeals from the judgment and from an order made after final judgment. The pleadings, findings, and judgment are identical with those in *Potter* v. *Spaulding, ante,* p. 692, [170 Pac. 1061]. Plaintiff gave notice of a motion under sections 663 and 663a of the Code of Civil Procedure to vacate the judgment and to enter another and different judgment, which motion was denied. The appeal from the order appears in part to be an attempt to have reviewed an order refusing to settle his bill of exceptions. The remedy is by *mandamus* and not by appeal. (*Brode* v. *Goslin,* 158 Cal. 699, 701, [112 Pac. 280].) Besides, no bill of exceptions is in the record, and hence it cannot be determined whether or not the court erred. A bill of exceptions appears in No. 1739, above referred to, brought up on the appeal of defendant United States Land Company. In that appeal, plaintiff here is respondent. Plaintiff claims the right to resort to that bill of exceptions in support of his appeal from the order denying his motion to have the judgment vacated and another and different judgment entered. Where no reference is made in the record to a bill of exceptions in a separate transcript brought up on a different appeal, and no stipulation that it may be used, we doubt whether any rule of practice would authorize the appellant to resort to such bill of exceptions in order to show that the evidence is insufficient to support the findings. However, it is not necessary to consider the point, for we have, in deciding case No. 1739, reached the conclusion that the findings are supported by the evidence, and we discover nothing in plaintiff's appeal to change our opinion.

Where the judgment is in conflict with the findings, the remedy is by an appeal from the judgment. (*Sharp* v. *Bowie,* 142 Cal. 462, [76 Pac. 62].) And the superior court has jurisdiction on motion under sections 663 and 663a to vacate a judgment as entered, which is inconsistent with and not supported by the findings of fact and to enter a proper judgment (*Tyrrell* v. *Baldwin,* 67 Cal. 1, [6 Pac. 867]; *Dahlberg* v. *Girsch,* 157 Cal. 324, [107 Pac. 616]), and also where the conclusions of law are incorrect or erroneous and not consistent with the findings of fact. (*Shafer* v. *Lacy,* 121 Cal. 574, [54 Pac. 72].) An order denying a motion to vacate a judgment under these sections is an order after final judg-

ment and is appealable. (*Kaiser* v. *Dalto,* 140 Cal. 167, [73 Pac. 828].)

In his action plaintiff seeks damages as follows: "Five thousand dollars for the detention by defendant and use of the real property"; five thousand dollars for the value of the personal property; ten thousand dollars "on account of being deprived of the control and use of his said property and of the profits thereof, and failure of defendants to comply with the conditions of their agreements to 'pay the purchase price for the property in question to plaintiff within the time agreed, or at any time"; that defendants be forever enjoined from setting up any claim or right to the possession or title to the said 942½ acres of land aforesaid." The court found on sufficient evidence and the contracts provided that defendants should go into the possession and use of the real property; and that such possession and use were to continue pending the time required in curing the title. As to the personal property, the court found on sufficient evidence that title passed by bill of sale to defendants. Upon this branch of the case the court, in its opinion, printed in the record, calls attention to the evidence and shows very clearly that plaintiff was not entitled to damages. Said the court: "Plaintiff, however, is not entitled to any damages. By the terms of the contract the defendants were entitled to the possession of the land and personal property. Their possession was lawful until plaintiff made demand for possession. He served his demand on May 14, 1913, requiring defendants to give up possession within thirty days. Without waiting for them to comply with the demand, plaintiff took possession of the property on May 22, 1913. He has ever since remained in possession of the land. He is therefore not entitled to any damages for the use of the land. (See *Marshall* v. *Caldwell,* 41 Cal. 611; *Hannan* v. *McNickle,* 82 Cal. 122, [23 Pac. 271].) For the same reason plaintiff cannot recover for the use of the personal property by defendants, even had the title thereto remained in plaintiff. Defendants contend that title to the personal property passed to the purchasers at the time of the execution of the supplemental contract. Defendant Spaulding testified that a bill of sale of the personal property was written out with pen and ink, and executed by the plaintiff; that he, Spaulding, had it in his possession, but that it was afterward destroyed by a fire which

burned up the ranch house. Plaintiff denied the execution
of any bill of sale. But he recognized defendants' title to
the personal property. Spaulding sold three hundred dol-
lars worth of hogs, and in writing to plaintiff about other
matters mentioned this sale. Plaintiff made no objections
thereto. Afterward, it is true that plaintiff demanded pos-
session of all the property. But after taking possession of
all the personal property remaining unsold he turned it over
to defendants. All of the tools and farming machinery, ex-
cept an engine which had already been removed, some thirty-
five head of milch cows and some calves, plaintiff thus turned
over to defendants. On taking possession of the land he
recognized the ownership in a hired man of the United States
Land Company in one-half the poultry, and paid the hired
man therefor. This poultry was that mentioned in the origi-
nal contract and the increase thereof. He did not remove
the other half of the poultry, but he recognized Spaulding's
or the United States Land Company's claim to the same,
recognized their right to one-half the eggs, and they took
their half of the poultry from the ranch. The hired man did
not obtain his interest in the poultry from plaintiff, but from
defendants, which plaintiff well knew.''

The court found that plaintiff was entitled to foreclosure
of said contracts, but not to a strict foreclosure, which latter
would have carried with it the forfeiture of the eleven thou-
sand dollars payment made by defendants. The foreclosure
ordered was conditioned upon the failure of defendant United
States Land Company to make full payment in accordance
with said contracts as shown in No. 1739. This we think gave
to plaintiff the full measure of relief to which he is shown
to have been entitled. Upon this point the learned trial
judge in his opinion said: ''Plaintiff is entitled to foreclosure
of said contracts, but defendants should be allowed a reason-
able time in which to complete the payments for the lands,
and on payment to receive the proper conveyances therefor.
Time is not specifically made of the essence of the contracts,
but after demand made by plaintiff, defendants should have
paid within a reasonable time. They should have paid the
$26,125 in cash not later than May 22, 1913, and executed the
proper mortgage securing the final payment of twenty thou-
said dollars with interest thereon at seven per cent per
annum, payable within one year from the last-mentioned date.

They should also have paid the one thousand dollars by that date, May 22, 1913. The mortgage for twenty thousand dollars would have been due as early as May 22, 1914, and plaintiff should not now be required to accept a mortgage for that sum, but should be paid in cash.

"The defendant Spaulding or the United States Land Company should be granted sixty days from the date of judgment within which to pay the plaintiff the sum of $36,125, with interest thereon from May 22, 1913, at seven per cent per annum, compounded annually."

The judgment and order, so far as they affect plaintiff, except as to matters considered and decided in case No. 1739, are affirmed.

Hart, J., and Burnett, J., concurred.