[Civ. No. 2780.   First Appellate District, Division Two.—May 2, 1919.]

## ELIZABETH F. HOWELL et al., Appellants, v. J. C. PEDERSEN et al., Respondents.

[1] BILL OF EXCEPTIONS—FAILURE TO SERVE IN TIME—RELIEF FROM—DISCRETION OF TRIAL COURT.—The discretionary power of a trial court in the matter of relieving parties from their default in failing to prepare and serve their proposed bill of exceptions within the time allowed by law therefor is not to be interfered with on appeal, except upon a clear abuse of discretion.

[2] ID.—WHEN EXTENSION MUST BE OBTAINED.—An extension of time, permitted under section 1054 of the Code of Civil Procedure, must be obtained within the period during which the original right is still alive.

[3] ID.—FAILURE TO PREPARE AND SERVE IN TIME—REFUSAL TO SETTLE. Where a bill of exceptions is not prepared and served within the

time allowed by law therefor, or valid extensions thereof, the court is justified in refusing to settle the same.

[4] ID.—REMEDY—APPEAL—MANDAMUS.—An order refusing to settle a bill of exceptions is not appealable. The remedy is by *mandamus.*

[5] ID.—LACK OF DILIGENCE—DISCRETION NOT ABUSED.—Refusal to grant a motion for relief from default in failing to prepare and serve a proposed bill of exceptions within the time allowed by law therefor does not constitute an abuse of discretion, where the only excuse offered is that the transcript could not be secured from the reporter in time, and the record shows that although such transcript was not ordered until eighteen days after notice of entry of judgment, if the parties had secured a proper extension of time, the transcript would have been in their hands ten days before their time would have expired for serving their proposed bill of exceptions.

[6] ID.—OBJECTIONS TO DELAY—RESERVATION—WAIVER.—In such case, defendants did not waive their objections to the delay of the plaintiffs in serving their proposed bill of exceptions by requesting and receiving from plaintiffs additional time within which to propose amendments to such bill, where the stipulation extending such time provided that defendants should have until a given date "within which to propose any amendments *or make any objections* to the proposed bill of exceptions," while on their admission of service of the proposed bill they expressly reserved such objection "for presentation when the bill of exceptions is presented for settlement."

APPEAL from a judgment of the Superior Court of Mendocino County.   J. Q. White, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Fred S. Howell for Appellants.

Kellogg & Kyle for Respondents.

LANGDON, P. J.—This is an appeal from an order of the trial court refusing to settle and allow plaintiffs' bill of exceptions on appeal from the main judgment in the case, and denying plaintiffs' motion for relief from their default in failing to prepare and serve their proposed bill of exceptions within the time allowed by law therefor. · [1]  The discretionary power of a trial court in proceedings of this character is not to be interfered with, except upon a clear abuse of discretion.   The trial court has decided that the plaintiffs did not make a showing of excusable neglect, and it would

seem that such a conclusion was warranted.    The only excuse offered by plaintiffs for their failure to prepare and serve this bill of exceptions in time was that the transcript could not be secured from the reporter in time.    But upon plaintiffs' own showing, the facts appear to be that on January 31, 1918, judgment was entered in the case and notice of entry of judgment was served upon plaintiffs on February 18, 1918.    Appellants did not apply to the court for an extension of time within the ten days allowed by law for the preparation and service of the bill.    [2]    It has been repeatedly held that an extension of time, permitted under section 1054 of the Code of Civil Procedure, must be obtained within the period during which the original right is still alive.    (*Clarke* v. *Crane*, 57 Cal. 629; *Oppenheimer* v. *Radke & Co.*, 165 Cal. 220, [131 Pac. 365] ; *Union Collection Co.* v. *Oliver*, 162 Cal. 755, [124 Pac. 435] ; *Curtis* v. *Superior Court*, 70 Cal. 390, [11 Pac. 652].)    The time within which the court might extend plaintiffs' time had expired at the date when the court made the order upon the *ex parte* application of the plaintiffs extending their time for thirty days, and such order could give the plaintiffs no rights in place of those which had been lost by their delay.    [3]    Plaintiffs, therefore, were in default, and the court was justified in refusing to settle their bill of exceptions.    [4]    The order refusing to settle said bill is not appealable, and the remedy is by *mandamus*. (*Potter* v. *Pigg*, 35 Cal. App. 707, [170 Pac. 1066] ; *Brode* v. *Goslin*, 158 Cal. 699, [112 Pac. 280].)    [5]    We have discussed the question upon its merits, because it is linked with the question properly presented for our consideration upon this appeal, which is whether or not there has been an abuse of discretion by the trial court in refusing to grant plaintiffs' motion to be relieved from their default.    We think this motion was properly denied, as the plaintiffs made no showing of mistake, inadvertence, surprise, or excusable neglect.    As heretofore stated, the notice of entry of judgment was served on February 18, 1918.    Plaintiffs then had ten days within which to prepare their bill of exceptions, or within which to ask for an extension of time for that purpose.    Had they been diligent in guarding their rights—they might have had forty days from February 18th, which would have allowed them until March 30th.    It appears also that plaintiffs were not diligent in ordering the transcript from

the reporter. It was not ordered until March 8th—eighteen days after notice of entry of judgment. But irrespective of this fact, and despite this delay in ordering the transcript, plaintiffs, if they had secured a, proper extension of time, would yet have had the transcript in their hands ten days before their time expired for serving their proposed bill of exceptions, for it appears by their own showing that the transcript was delivered to them twelve days after it was ordered, or on March 20th. Under such circumstances, this court cannot say that there was an abuse of discretion on the part of the trial court. It is only in exceptional cases that orders of this kind will be reversed. An appellate court is very loath to substitute its own opinion and thereby divest the trial court of the discretionary power reposed in it. (*Smith* v. *Riverside etc. Co.*, 19 Cal. App. 165, [124 Pac. 870] ; *Utah-Nevada Co.* v. *De Lamar,* 9 Cal. App. 759, [100 Pac. 884].)

[6] Appellants next contend that the defendants waived their objections to the delay of the plaintiffs in serving their proposed bill of exceptions by requesting and receiving from plaintiffs additional time within which to propose amendments to such bill. It is asserted by appellants that the stipulation requested by defendants extending such time reserved no objection to the time within which the proposed bill of exceptions was served and that therefore that objection was waived. An examination of the stipulation relied upon discloses that the stipulation provided that the defendants and respondents should have until the thirtieth day of April, 1918, within which to propose any amendments or make *any objections* to the proposed bill of exceptions. If this language is not sufficiently broad to reserve the right now asserted by defendants and respondents, it is nevertheless true that an intention to waive is an essential element ,to' effect a waiver. (*Los Angeles First Nat. Bank* v. *Maxwell,* 123 Cal. 360, 368, [69 Am. St. Rep. 64, 55 Pac. 980].) The defendants', clearly, never intended to waive their objections and plaintiffs had no reason to believe that they did, for upon the admission of service of the bill, the defendants added the words: ''But objections on account of not being prepared and served on time are preserved for presentation when the bill of exceptions is presented for settlement.'' And the stipulation setting the matter down for hearing, which is

signed by the attorneys for both parties, concludes with the words: "This stipulation is made with the understanding that said defendant does not waive, and does hereby expressly reserve, any and all objections that he may have on account of plaintiffs' proposed bill of exceptions in the above-entitled action not having been prepared and served within the time allowed by law." Under these facts, it is manifest that there was never any intention to waive this objection, and such objection was not waived either in terms or by implication.

The appeal from the order refusing to settle the bill of exceptions is dismissed, and the order denying plaintiffs' motion to be relieved from their default is affirmed.

Haven, J., and Brittain, J., concurred.