[Civ. No. 3706.   First Appellate District, Division Two.—February 23, 1921.]

## PHIL LOBREE, Respondent, v. L. E. WHITE LUMBER COMPANY (a Corporation), Appellant.

[1] BILL OF EXCEPTIONS—ORDER REFUSING SETTLEMENT—APPEAL.—An order refusing to settle a bill of exceptions is not an appealable order.

[2] ID.—RELIEF FROM DEFAULT—DISCRETION.—Relief from a default for failure to serve a bill of exceptions within time is a matter committed to the discretion of the trial court, and its action can be set aside only upon a showing of a clear abuse of discretion.

APPEAL from an order of the Superior Court of Mendocino County denying an application for the settlement of a bill of exceptions.  J. Q. White, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Metson, Drew & Mackenzie and R. G. Hudson for Appellant.

Robert Duncan for Respondent.

NOURSE, J.—Judgment was entered in favor of plaintiff and against the defendants in the superior court of Mendocino County on the 28th of October, 1918, and notice thereof was served on the same day.  Thereafter from time

to time the defendant L. E. White Lumber Company obtained from the judge of the superior court orders extending its time to serve its bill of exceptions. These extensions ran to the 20th day of December, 1918, which was several days beyond the time which the court had jurisdiction to grant under the provisions of section 1054 of the Code of Civil Procedure. On the said 20th day of December counsel for the Lumber Company requested an additional extension, but it does not appear that the request was either granted or refused. In any event, on the following day a proposed bill was served upon counsel for plaintiff. On January 28, 1919, counsel for plaintiff served upon the defendant Lumber Company his objections to the proposed bill of exceptions, based upon the failure of said defendant to serve the bill within the time prescribed by law. On the 7th day of February following the proposed bill and plaintiff's objections to the settlement thereof were presented to the judge of the trial court with an application that they be settled and allowed. In support of said application counsel for said defendant offered and filed an affidavit setting forth the circumstances under which the bill was prepared. It was therein alleged that the failure to make service within the time required was due to the fact that counsel for said defendant did not receive the reporter's transcript of the testimony taken at the trial until a few days before the bill was prepared and served, and to the further fact that some of the members of the staff of said counsel located in San Francisco were absent from their offices on account of illness. A counter-affidavit was filed by counsel for plaintiff, and it was thereupon stipulated and agreed in open court that all objections to the effect that no notice had been given of an application to be relieved under section 473 of the Code of Civil Procedure from a default for failure to serve the bill within time were waived and that such application might be submitted to the court at said time. After argument said application was ordered submitted by the court with leave to file affidavits and authorities. On the same day an affidavit was filed on behalf of counsel for plaintiff designated a "counter-affidavit on application to settle bill of exceptions," in which it was recited on information and belief that the court reporter who took the testimony of the proceedings completed the

transcript early in the month of November and notified counsel for said defendant that the same would be delivered to them when paid for, also that a similar notification—was given to the associate counsel of said defendant having their offices in the city of Ukiah. On February 11th a counter-affidavit was filed on behalf of said defendant, wherein it was stated that "affiant makes this affidavit in answer to the counter-affidavit of Robert Duncan filed in opposition to the application of defendant L. E. White Lumber Company for a settlement of its said bill of exceptions."

The matter comes to this court upon a notice of appeal which reads: "You and each of you will please take notice that defendant L. E. White Lumber Company hereby appeals . . . *from the order of the above-entitled court denying the application of this defendant L. E. White Lumber Company for settlement of its bill of exceptions on appeal from the judgment . . .*" A bill of exceptions in support of this notice of appeal was presented, allowed, and settled and is incorporated in the transcript. From this bill it appears that some time after the 11th of February, 1919, when the last affidavit was filed on behalf of appellant the court made and entered an order denying the application of said appellant for settlement of its bill of exceptions and denying the application of said appellant to be relieved from its default under section 473 of the Code of Civil Procedure. The transcript does not contain a copy of the order stated to have been made by the court as required by section 951 of the Code of Civil Procedure, or a copy of the motion or application for relief under section 473. The notice of appeal specifically designates the order denying application for settlement and makes no mention of the order denying application for relief from default.

[1] Preliminary objection is made to a consideration of the appeal on the ground that the order refusing to settle is not an appealable order. This objection is well taken. (*Hudson* v. *Hudson,* 129 Cal. 141, [61 Pac. 773]; *Brode* v. *Goslin,* 158 Cal. 699, [112 Pac. 280]; *Murphy* v. *Stelling.* 138 Cal. 641, [72 Pac. 176].) Appellant concedes the soundness of this objection, but argues that the notice of appeal is open to the construction that it was intended to apply to the order denying relief under section 473, citing *Off* v. *Crump,* 40 Cal. App. 173, [180 Pac. 360]. However,

in view of our conclusion on the merits of the appeal, it is unnecessary to determine the effect of the notice. [2] Assuming that the appeal is properly before us, the order must be affirmed upon the well-established rule that, being a matter committed to the discretion of the trial court, it can be set aside only upon a showing of a clear abuse of that discretion. (*Howell* v. *Pedersen,* 41 Cal. App. 45, [181 Pac. 674]; *Smith* v. *Riverside etc. Co.,* 19 Cal. App. 165, 167, [124 Pac. 870].)

That the trial court did not abuse the discretion thus committed to it is apparent from the following facts disclosed by the record: The court announced its decision from the bench October 2, 1918; a written notice of decision was served October 28, 1918. The appellant was represented by the law firm of Metson, Drew & Mackenzie, at San Francisco, and by Preston & Preston, at Ukiah, the place of trial; how many attorneys and how many other attachés were connected with the San Francisco office does not appear. The record does not show the date on which a transcript was ordered, but it does show that Metson, Drew & Mackenzie were advised November 21, 1918, that the transcript was ready. The record shows that Mr. Drew was absent on account of sickness November 21, 1918, "and did not return until some days thereafter"; that during the month of December, 1918, one-half the force at San Francisco was absent, sick, but how many were sick and how many were in attendance does not appear; that a member of the firm was absent until December 23, 1918, but when he absented himself does not appear. It appears that Mr. Hudson had charge of preparing the bill and that he was present at his desk all the time. It does not appear that that half of the office force which was present could not have done the work of preparing the bill. It does not appear why the reporter's letter stating that the transcript was ready was placed on Mr. Drew's desk or that there was no one present who had the right to reply to it or why Mr. Hudson could not have done so. Every member of the firm, it can properly be argued, had an abundance of time to prepare the bill. It does not appear why the firm of Preston & Preston did not prepare the bill other than that they acted in an advisory capacity and did not prepare any of the papers in the case. Furthermore, the record plainly

discloses that someone connected with appellant's case procured orders from the trial judge extending its time to prepare the bill beyond December 7th, the last extension which the judge had power to grant. Reliance of counsel upon a void order of the court cannot excuse the delay. The case is within the rule of *Williamson* v. *Cummings etc. Co.,* 95 Cal. 652, [30 Pac. 762], and similar authorities.

The order is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1921.

All the Justices concurred.